# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

---

m 01-40653

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

MARTIN MARTINEZ-ESPINOZA,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Southern District of Texas

---

July 17, 2002

Before SMITH, BENAVIDES, AND PARKER,
Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Martin Martinez-Espinoza ("Espinoza") appeals, on the basis of a violation of the Speedy Trial Act ("STA"), his conviction of attempted illegal reentry in violation of 8 U.S.C. § 1326. We reverse and remand.

## I.

On November 21, 2000, Espinoza approached the border at a bridge and presented immigration officials with a legal resident alien card (form I-551) seeking entry. A check of his record revealed an earlier deportation after a conviction of aggravated assault with a deadly weapon. On November 22, the government filed a complaint charging Espinoza with "attempting to enter" the United States. A grand jury returned an indictment on December 19, charging Espinoza with being "found in" the United States.[1]

---

[1] Both offenses are violations of 8 U.S.C.
(continued...)

On February 21, 2001, Espinoza appeared in court, prepared to enter a plea of guilty. The court, however, noted the inconsistency between the charge and the indictment and suggested that Espinoza and the government work out a solution.[2] That same day, a grand jury returned a superseding indictment, charging Espinoza with "attempting to enter" the United States.

At the bench trial on this charge, Espinoza moved to dismiss the indictment for violation of the STA.[3] The court denied the motion and found Espinoza guilty of the charge in the superseding indictment.

---

[1](...continued)
§ 1326(a):

> Subject to subsection (b) of this section, any alien whoSS
>
> > (1) has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter
> >
> > (2) enters, attempts to enter, or is at any time found in, the United States, unless (A) prior to his re-embarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission; or (B) with respect to an alien previously denied admission and removed, unless such alien shall establish that he was not required to obtain such advance consent under this chapter or any prior Act.

8 U.S.C. § 1326(a).

[2] Rule 11, FED. R. CRIM. P., requires the district court to determine the accuracy of a plea before accepting it: "Notwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such a plea without making such inquiry as shall satisfy it that there is a factual
(continued...)

---

[2](...continued)
basis for the plea." FED. R. CRIM. P. 11(f).

[3] The Act mandates dismissal if the time limit between charging and indictment is exceeded:

> If, in the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment or information is filed within the time limit required by section 3161(b) as extended by section 3161(h) of this chapter, such charge against that individual contained in such complaint shall be dismissed or otherwise dropped.

8 U.S.C. § 3162(a). For Espinoza, this time limit was thirty days:

> Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges. If an individual has been charged with a felony in a district in which no grand jury has been in session during such thirty-day period, the period of time for filing of the indictment shall be extended an additional thirty days.

8 U.S.C. § 3161(b).

## II.

### A.

We review interpretations of the STA *de novo*. We accord clear-error deference to related factual questions. *United States v. De La Peña-Juarez*, 214 F.3d 594, 597 (5th Cir.), *cert. denied*, 531 U.S. 983, *and cert. denied* 531 U.S. 1026 (2000).

### B.

The STA requires dismissal where an indictment is filed more than a specified number of days after the charge. 18 U.S.C. § 3162(a). In Espinoza's case, that limit was thirty days. 18 U.S.C. § 3161(b). Espinoza was charged on November 22, 2000; the first indictment was handed down on December 19 and the second on February 21. In *United States v. Giwa*, 831 F.2d 538, 541-42 (5th Cir. 1987), we adopted a narrow reading of the dismissal language in § 3162(a). Thus, "dismissal of the charge is required only if an indictment is secured more than 30 days from the filing of a complaint *and contains identical charges*." *United States v. Perez*, 217 F.3d 323, 327 (5th Cir.) (emphasis added), *cert. denied*, 531 U.S. 973 (2000). Where, as here, there is both a timely and an untimely indictment, the first instrument will toll the STA clock only if the indictments charge an identical offense. *Id.* at 328.[4]

The purpose behind this requirement in the STA is to put the defendant on notice as to the offense he must defend against at trial. *Id.* at 329.[5] This comports with Supreme Court jurisprudence teaching that one of the key purposes of reviewing for sufficiency of an indictment is to ensure notice to the accused of the conduct forming the basis of the charge. *Russell v. United States*, 369 U.S. 749, 763 (1962); *Hagner v. United States*, 285 U.S. 427, 431 (1932). This purpose cannot be served where the indictment the government offers to toll the STA clock alleges an offense different from that shown in the superseding indictment. We therefore must determine whether the charged conduct in the two indictments constitutes the same "offense" for purposes of the STA.

In an almost identical situation, we have applied the same-offense test from the Supreme Court's double jeopardy jurisprudence. In *United States v. Bailey,* 111 F.3d 1229 (5th Cir. 1997), we were faced with the question whether, for purposes of the STA, charges contained in an original information referenced the same offense as did the charges in a later-

---

[4] The indictments, though, need not allege identical *facts*. As *Perez* demonstrates, minor variations in the facts alleged in the indictments will not prevent an initial indictment from tolling the STA clock. *Perez*, 214 F.3d at 328; *see also United States v. Mitchell*, 723 F.2d 1040, 1044-45 (1st Cir. 1983) (holding that additional facts in superseding indictment filed more than thirty days after arrest did not violate STA). We express no opinion on the permissible variance of facts between indictments, because the issue is not before (continued...)

[4](...continued)
us.

[5] *See also United States v. Berry*, 90 F.3d 148, 151 (6th Cir. 1996) (stating that the "purpose of the thirty-day rule is to ensure that the defendant is not held under an arrest warrant for an excessive period without receiving formal notice of the charge against which he must prepare to defend himself"); *United States v. McCown,* 711 F.2d 1441, 1447 (9th Cir. 1983) (noting that purpose of the STA time limit is to "apprise defendant of the charges against which he must be prepared to defend himself").

filed indictment.[6] We held that the charges in the information and the indictment constituted different offenses because they failed the "same elements" test of *United States v. Blockburger*, 284 U.S. 299 (1932). *Bailey*, 111 F.3d at 1236.

Under *Blockburger*, 284 U.S. at 304, "the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." That is, where the conduct charged in an initial accusatory instrument, and a subsequent indictment produces congruent Venn circles, the conduct is the same "offense" for purposes of § 3161(b). The question remains: Does the conduct charged in Espinoza's two indictments amount to the same offense?

We have answered this question in a different context. In *United States v. Angeles-Mascote*, 206 F.3d 529 (5th Cir. 2000), we faced a sufficiency challenge to a plea of guilty of being "found in" the United States after deportation in violation of 8 U.S.C. § 1326(a). On plain error review, we refused to uphold the plea of guilty where the stipulated facts supported only a charge of attempting to enter. *Id*. at 531.[7]

If a guilty plea to being "found in" the United States cannot be supported, even on plain error, by facts amounting to attempted entry, the offenses contain different elements. Because the offenses contain different elements, they are different offenses under *Blockburger*. As different offenses, they cannot be substituted one for the other to toll the STA's thirty-day clock. Thus, the original indictment, alleging that Espinoza was "found in" the United States, did not stop the ticking started on November 22, when the government charged him with attempting to enter the United States. The superseding indictment of February 21 was too late.

### III.

Our resolution of Espinpza's STA claim does not end the matter. The dismissal sanction contained in § 3162 leaves to the court's discretion whether to dismiss with or without prejudice. 18 U.S.C. § 3162(a)(1). This discretion is channeled through three factors, consideration of which is mandatory: (1) the seriousness of the offense, (2) the facts and circumstances of the case which led to the dismissal, and (3) the impact of a reprosecution on the administration of the STA and on the administration of justice. *Id*.; *United States v. May*, 819 F.2d 531, 533 (5th Cir. 1987).[8] Our usual practice is to remand for

_____

[6] *See also United States v. Hsin-Yung*, 97 F. Supp. 2d 24, 30 (D.D.C. 2000) (citing *Bailey* with approval and concluding the charged offenses were not the same because "they have different elements, proscribe different forms of conduct, and carry different penalties").

[7] *Cf. United States v. Cardenas-Alvarez*, 987 F.2d 1129, 1132-33 (5th Cir. 1993) (recognizing difference in elements between offense of actual entry and attempted entry). It is of no moment that the two indictments reference the same statute. In (continued...)

[7](...continued)
*Bailey*, "the information and indictment in the instant action each charge a violation of § 662. But . . . each charge in the instant action is different despite the shared reference to § 662 because the information charges a misdemeanor and the indictment charges a felony." *Bailey*, 111 F.3d at 1236 n.6.

[8] The Act, though, expresses no preference for one remedy over the other. *Johnson*, 29 F.3d at (continued...)

4

the district court to consider the factors. *United States v. Alford,* 142 F.3d 825, 830 (5th Cir. 1998).

We have not, however, blindly followed this rule. For example, in *United States v. Johnson*, 29 F.3d 940 (5th Cir. 1994), we saw "no good reason to remand" where there were "no questions of fact to be explored by the district court." *Id.* at 946.[9] Espinoza's case, however, fits into the usual pattern, requiring remand.

Espinoza's prior conviction, which exposed him to § 1326(a) liability, was of aggravated assault with a deadly weapon. Thus, a conviction of attempted reentry would expose him to a term in prison of up to twenty years. 18 U.S.C. § 1326(b)(2). A sentence of this length constitutes a serious charge.[10] Espinoza's offense qualifies as serious.

The second factor, the circumstances of dismissal, "requires consideration of the Gov-

---

[8](...continued)
945.

[9] *See also United States v. Blackwell*, 12 F.3d 44, 48 (5th Cir. 1998) (finding "no acceptable alternative" on the facts of that case); *United States v. Velasquez*, 890 F.2d 717, 720 (5th Cir. 1990) (declining to remand because the length of Velasquez's sentence would be unaffected and we saw no reason for "further consideration by the district court").

[10] *United States v. Castle*, 906 F.2d 134, 138 (5th Cir. 1990) (offense punishable by twenty years a serious offense); *United States v. Peeples*, 811 F.2d 849, 850-51 (5th Cir. 1987) (fifteen years a serious offense); *United States v. Melguizo*, 824 F.2d 370, 371 (5th Cir. 1987) (ten years a serious offense).

ernment's reason for having violated the Act." *May*, 819 F.2d at 533. Normally, the burden is on the government to explain the violation. *Id.* The district court, though, found no violation of the act, so there was no chance for the government to offer an explanation.

The apparent cause of the delay was negligence by the government in citing the wrong § 1326 offense.[11] This cuts both ways: Although it means the government did not delay to gain a tactical advantage,[12] it also places the entire fault for the delay on the shoulders of the prosecution.[13]

The final § 3162 factor requires consideration of the broad policy aims of the STA and the act at issue in the underlying criminal prosecution. This factor encompasses three concerns, "the defendant's right to a timely trial; the deterrent effect of a prejudicial dismissal on the Government's repeated violations of speedy trial requirements; and the public's interest in bringing [the accused] to trial." *United States v. Blevins*, 142 F.3d 223, 226 (5th Cir. 1998).

The error had no impact on Espinoza's right to a timely trial; everything was

---

[11] Even if the government were to proffer this explanation, Espinoza would be entitled to "subpoena relevant documents [and] call Government officials" in an effort to show this reason was pretextual. *May* 819 F.2d at 533.

[12] *See United States v. Salgado-Hernandez* 790 F.2d 1265, 1268 (5th Cir. 1986) (explaining that negligence is ordinarily a circumstances favoring dismissal without prejudice).

[13] *See May*, 819 F.2d at 533 (reasoning that where the fault lies entirely with the government, this factor favors dismissal with prejudice).

5

proceeding apace on the assumption the first indictment was proper. It was only when the court pointed out the mistake that any concerns arose regarding the STA.

There is nothing to indicate that the government repeatedly violates the STA. The government's negligence, though, merits some consequence. This does not mean that dismissal with prejudice is the only route. Even dismissal without prejudice imposes some costs on the government.

> Dismissal without prejudice is not a toothless sanction: it forces the Government to obtain a new indictment if it decides to reprosecute, and it exposes the prosecution to dismissal on statute of limitations grounds. Given the burdens borne by the prosecution and the effect of delay on the Government's ability to meet those burdens, substantial delay well may make reprosecution, even if permitted, unlikely. If the greater deterrent effect of barring reprosecution could alone support a decision to dismiss with prejudice, the consideration of the other factors identified in § 3162(a)(2) would be superfluous, and all violations would warrant barring reprosecution.

*United States v. Taylor*, 487 U.S. 326, 342 (1988).[14] Finally, the public's interest in bringing Espinoza to trial is high, because his alleged crime is itself premised on a prior aggravated assault.

Summing these factors, we conclude that the proper course is remand so the district court can evaluate these statutory factors, aided by its greater familiarity with the case. Our analysis of the § 3162 factors reveals that the district court is "best situated" to evaluate the nature of the dismissal in the first instance. *United States v. Willis*, 938 F.2d 60, 64 (5th Cir. 1992).

Accordingly, we REVERSE Espinoza's conviction and REMAND to the district court to determine whether the dismissal should be with or without prejudice.

---

[14] The Court also noted that the act authorizes direct sanctions against the prosecutor in the form of fines, sanctions, or reports to the appropriate disciplinary committee. *Taylor* 487 U.S. at 342 n.14 (citing 18 U.S.C. § 3162(b)(C), (D), (E)).