**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 22, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RAFAEL ANTONIO RIVERA-BAIRES,

    Defendant - Appellant.

No. 07-2013
(D.C. No. CR-05-2703-JC)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, Chief Judge, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

Defendant-Appellant Rafael Antonio Rivera-Baires pleaded guilty to one count of

reentering the United States after being previously deported following a conviction for an

aggravated felony, in violation of 8 U.S.C. § 1326(a)(1) and (2) and 8 U.S.C. §

1326(b)(2). The district court sentenced him to fifty-seven months' imprisonment

followed by two years of supervised release. Mr. Rivera-Baires's counsel filed a motion

---

* After examining the briefs and the appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34(G). This case is therefore ordered
submitted without oral argument. This order and judgment is not binding precedent
except under the doctrines of law of the case, res judicata and collateral estoppel. It may
be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

to withdraw and an appellate brief pursuant to *Anders v. California*, 386 U.S. 738 (1967).

Based on our independent review of the record, *id.* at 744, we conclude that Mr. Rivera-

Baires's appeal is meritless.  Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we

grant counsel's motion to withdraw and affirm the conviction and sentence.

## I.  Background

Because the parties are familiar with the facts, we need not recite them in detail.

Mr. Rivera-Baires was arrested walking north through the desert thirty-seven miles from

the Columbus Port of Entry.  He was charged by information with unlawful reentry by a

deported alien previously convicted of an aggravated felony.  He pleaded guilty.

Mr. Rivera-Baires's Presentence Report (hereinafter "PSR") assigned to him an

adjusted offense level of twenty-one.  Based on Mr. Rivera-Baires's prior criminal

history, the PSR placed him in a criminal history category V.  Mr. Rivera-Baires's

resulting Guidelines range was seventy to eighty-seven months' imprisonment.

Mr. Rivera-Baires objected to the PSR, claiming that his criminal history was

overrepresented.  *See* U.S.S.G. § 4A1.3(b) (permitting a court to depart downward where

a defendant's criminal history category "substantially over-represents the seriousness of

the defendant's criminal history").  Additionally, Mr. Rivera-Baires filed a motion for

downward departure, pursuant to U.S.S.G. § 5K2.12, alleging that he was forced to

illegally reenter the United States because he did not feel physically safe in his home

country, El Salvador.

At sentencing, Mr. Rivera-Baires did not dispute the facts as represented by the

PSR, but argued that his criminal history was overrepresented. The government stated that it did not object to a one-level reduction in his criminal history category (i.e., to a IV). The district court determined that a criminal history category of V did indeed significantly overrepresent Mr. Rivera-Baires's criminal history, that the appropriate criminal history category was IV, and that the advisory Guidelines range consequently was fifty-seven to seventy-one months.

Noting that it had reviewed the PSR's factual findings and had "considered the sentencing guideline applications and factors set forth in 18 United States Code, 3553(a) (1) - (7)," the district court sentenced Mr. Rivera-Baires to fifty-seven months, the bottom of the Guidelines range. R., Vol. III, Tr. at 4-5 (Sentencing Hearing, dated December 19, 2005). The district court denied Mr. Rivera-Baires's 5K2.12 motion for a downward departure.

After Mr. Rivera-Baires timely filed his notice of appeal, his counsel filed an *Anders* brief and a motion to withdraw. Under *Anders*, a court-appointed defense counsel who believes that an appeal would be "wholly frivolous" may withdraw only upon submission of a brief to the client and the court indicating "anything in the record that might arguably support an appeal." *Anders*, 386 U.S. at 744.

Consistent with *Anders*, Mr. Rivera-Baires's counsel raises one point of possible error – that the sentence imposed is too long. This is apparently consistent with Mr. Rivera-Baires's wishes, who reportedly only objected to the length of his sentence. *See* Aplt. Op. Br. at 1 ("Mr. Rivera-Baires has requested counsel to challenge only the length

of his sentence."). Mr. Rivera-Baires's counsel provided him notice of the *Anders* brief and the request to withdraw,[1] but Mr. Rivera-Baires has not submitted an additional brief. The government has declined to file a brief.

## II. Discussion

We review a district court's sentencing determination for an abuse of discretion, asking whether the sentence is reasonable in view of the factors identified in 18 U.S.C. § 3553(a). *See United States v. Gall*, 128 S. Ct. 586, 594 (2007) ("Our explanation of 'reasonableness' review in the *Booker* opinion made it pellucidly clear that the familiar abuse-of-discretion standard of review now applies to appellate review of sentencing decisions."); *United States v. Garcia-Lara*, 499 F.3d 1133, 1135 (10th Cir. 2007). Reasonableness has both procedural and substantive dimensions. *See United States v. Hildreth*, 485 F.3d 1120, 1127 (10th Cir.), *cert. denied*, 128 S. Ct. 730 (2007).

A sentence that reflects a proper Guidelines calculation and application of the § 3553(a) factors is procedurally reasonable. *See United States v. Geiner*, 498 F.3d 1104, 1107 (10th Cir. 2007). "A sentence is substantively reasonable when it 'reflects the gravity of the crime and the § 3553(a) factors as applied to the case.'" *Id*. (quoting *United States v. Atencio*, 476 F.3d 1099, 1102 (10th Cir. 2007)). A sentence falling within a properly-calculated Guideline range is presumed to be substantively reasonable on

---

[1] The certificate of service indicates that counsel served Mr. Rivera-Baires with the brief and motion. Additionally, a copy of the *Anders* brief and motion to withdraw was sent to Mr. Rivera-Baires pursuant to 10th Cir. R. 46.4(B)(2).

appeal. *See Garcia-Lara*, 499 F.3d at 1135; *United States v. McCullough*, 457 F.3d 1150, 1171 (10th Cir. 2006), *cert. denied*, 127 S. Ct. 988 (2007).

Mr. Rivera-Baires claims only that his sentence is too long – a challenge to its substantive reasonableness. He makes no attempt to overcome the appellate presumption of reasonableness of his within-Guidelines sentence. Based upon our independent review of the record, we are satisfied that his fifty-seven month, bottom-of-the-range sentence is substantively reasonable.

The sentence reflects both the gravity of Mr. Rivera-Baires's crime and the § 3553(a) factors. His reentry after being previously deported following a conviction for an aggravated felony is a serious crime. *See United States v. Valenzuela-Puentes*, 479 F.3d 1220, 1226 (10th Cir. 2007) (citing *United States v. Martinez-Espinoza*, 299 F.3d 414, 418 (5th Cir. 2002)). Moreover, although the district court determined that Mr. Rivera-Baires's criminal history category significantly overrepresented his criminal history, his PSR nonetheless depicts an extensive criminal background, with his most recent offense committed while he was on supervised release. After reviewing Mr. Rivera-Baires's sentencing objections and the evidence, the district court saw no reason, other than the overrepresentation of his criminal history, to deviate from the PSR's recommended Guidelines range. Nothing in the record suggests that the district court abused its discretion in determining the length of Mr. Rivera-Baires's sentence.

### III. Conclusion

Our review of the record reveals no facts or circumstances that would render Mr.

Rivera-Baires's sentence substantively unreasonable in light of the § 3553(a) factors. Furthermore, the record reveals no other arguably meritorious claims. Counsel's motion to withdraw is **GRANTED** and the conviction and sentence are **AFFIRMED**.

Entered for the Court

Jerome A. Holmes
Circuit Judge