# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 6, 2008

Charles R. Fulbruge III
Clerk

No. 08-40096
Summary Calendar

UNITED STATES OF AMERICA

                                        Plaintiff-Appellee

v.

JUAN CARLOS PEREZ-RODRIGUEZ, also known as Oscar Garcia-Perez, also known as Eduardo Saragoza

                                        Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:07-CR-1282-ALL

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Juan Carlos Perez-Rodriguez was indicted for violating 18 U.S.C. § 1326 as an alien who had previously been removed from the United States and who was subsequently found in the United States without the consent of the Attorney General or the Secretary of the Department of Homeland Security. He pleaded guilty to the charge. The district court entered a judgment, which lists the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"nature of the offense" as "[r]e-entry of a deported alien," and imposed an above-Guidelines sentence of 40 months in prison.

Perez-Rodriguez avers that the sentence imposed by the district court was procedurally unreasonable because the district court failed to adequately explain why a sentence of 40 months, which was19 months above the maximum of the Guideline imprisonment range, was not greater than necessary to meet the purposes of § 3553(a). He avers further that before imposing the 40-month sentence, the district court should have, but did not, consider the guideline departure provision in U.S.S.G. § 4A1.3, which addresses underrepresentation of a defendant's criminal history score.

The sentence imposed by the district court is typically reviewed for reasonableness. Gall v. United States, 128 S. Ct. 586, 591 (2007). The Supreme Court rejected the notion that the district court needs extraordinary circumstances to justify a deviation from the guidelines range. See id. at 595. A district court, in sentencing, should use the guidelines sentence range as "the starting point and the initial benchmark" but should then consider all of the sentencing factors set forth in 18 U.S.C. § 3553(a). Id. at 596. "After settling on the appropriate sentence, [the sentencing court] must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." Id. at 597. Because Perez-Rodriguez did not object to the district court's failure to give adequate reasons, review is for plain error. See United States v. Hernandez-Martinez, 485 F.3d 270, 272-73 (5th Cir.), cert. denied, 128 S. Ct. 325 (2007).

The record shows that the district court considered the § 3553 factors, including Perez-Rodriguez's history and characteristics, the need for adequate deterrence, and the need to protect the public from future crimes by Perez-Rodriguez. Accordingly, the district court adequately stated the reasons for the sentence. Gall, 128 S. Ct. at 597.

Perez-Rodriguez's contention that, in order to comply with the requirement to calculate the applicable advisory guidelines range, the district court had to calculate a departure under § 4A1.3 is without merit. This court specifically rejected this argument in United States v. Mejia-Huerta, 480 F.3d 713, 723 (5th Cir. 2007), cert. denied, 128 S. Ct. 2954 (2008).

Lastly, Perez-Rodriguez has not shown that the 40-month sentence was greater than necessary to meet the purposes of § 3553(a). The district court's determination that Perez-Rodriguez's extensive criminal history, the likelihood of recidivism, and the need to protect the public warranted an upward departure does not constitute error and the extent of the departure was not unreasonable. See United States v. Lee, 358 F.3d 315, 328-29 (5th Cir. 2004) see also United States v. Zuniga-Peralta, 442 F.3d 345, 347-48 (5th Cir. 2006). Perez-Rodriguez has not demonstrated that the district court procedurally erred or that his sentence was otherwise unreasonable. See Gall, 128 S. Ct. at 596-97.

Perez-Rodriguez avers that, even if this court grants no other relief, the court should exercise its power pursuant to FED. R. CRIM P. 36 to correct an alleged clerical error in the judgment. He argues that the judgment misidentifies the "nature of offense" of conviction as reentry of a deported alien, when, he contends, it should state that he was convicted of the separate offense of being unlawfully "found in" the United States following removal or deportation.

Rule 36 authorizes us to correct only clerical errors, which exist when "the court intended one thing but by merely clerical mistake or oversight did another." See United States v. Steen, 55 F.3d 1022, 1025-26 n.3 (5th Cir. 1995). In the district court's judgment, the "nature of the offense" description, "[r]e-entry of a deported alien," so closely tracks the § 1326 title, "[r]eentry of removed aliens," that it bears no indicia of the district court having made a mistake or oversight. Rather, it appears that the district court intended the "nature of the offense" to refer generally to the title of § 1326. Such a method of

3

reference to § 1326 is not uncommon; in fact, this court has often used the similar term "illegal reentry" in reference to violations of § 1326 generally. See, e.g., United States v. Gunera, 479 F.3d 373, 376 (5th Cir. 2007) ("[A]n alien who has previously been denied entry or been deported or removed commits the offense of illegal reentry when the alien thereafter "enters, attempts to enter, or is at any time found in, the United States . . . ." (emphasis added)); United States v. Vargas-Garcia, 434 F.3d 345, 349 (5th Cir. 2005) ("The illegal reentry statute defines Vargas-Garcia's offense thusly: a removed alien commits illegal reentry when he 'enters, attempts to enter, or is at any time found in, the United States . . . .'" (emphasis added)).  Thus, it appears that the district court's judgment uses the term "re-entry of a deported alien" intentionally in reference to § 1326 generally, and such is not a clerical error.[1]  Accordingly, we AFFIRM.

---

[1] As Defendant observes, we have noted that attempted reentry under § 1326 constitutes an offense distinct from either reentry or being found in the United States under § 1326, see United States v. Angeles-Mascote, 206 F.3d 529, 531 (5th Cir. 2000); United States v. Martinez-Espinoza, 299 F.3d 414, 417 (5th Cir. 2002); but such cases, which focus on the distinction between actual entry and attempted entry, are inapposite here.  In this case, the differences between actual and attempted entry are not at issue. Rather, Defendant pled to being found unlawfully in the United States, and we are called to determine whether the judgment contained a clerical error in referring to that offense by its general statutory title.