**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 19, 2009

Charles R. Fulbruge III
Clerk

No. 07-41245
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MARCIO JOAQUIN RIVERA-CHAVEZ, also known as Marcio Joaquin Rivera

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:07-CR-20-ALL

Before JONES, Chief Judge, and DENNIS and HAYNES, Circuit Judges.

PER CURIAM:[*]

Marcio Joaquin Rivera-Chavez appeals the 77-month sentence imposed following his guilty plea conviction of illegal reentry into the United States after having been convicted of a felony, in violation of 8 U.S.C. § 1326(a) and (b)(1). Rivera-Chavez's sentence was within a properly calculated advisory guidelines range that reflected a 16-level crime of violence enhancement based on his 1992 conviction for illegally transporting an alien within the United States. On appeal, Rivera-Chavez argues that his sentence is unreasonable. Rivera-Chavez

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

also argues that we should remand his case to the district court pursuant to FED. R. CRIM. P. 36 for correction of the judgment to reflect the proper offense of conviction.

Rivera-Chavez first argues that his sentence is unreasonable. Following *United States v. Booker*, 543 U.S. 220 (2005), we review a district court's sentencing decisions for reasonableness in light of the sentencing factors in 18 U.S.C. § 3553(a). *Gall v. United States*, 128 S. Ct. 586, 596-97 (2007). First, we consider whether the sentence imposed is procedurally sound. *Id.* at 597. Thereafter, we consider whether the sentence is substantively reasonable, using an abuse-of-discretion standard. *Id.* A sentence imposed within a properly calculated guideline range is entitled to a rebuttable presumption of reasonableness. *Rita v. United States*, 127 S. Ct. 2456, 2462 (2007); *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).

Rivera-Chavez contends that *Gall*, 128 S. Ct. at 596, and *Kimbrough v. United States*, 128 S. Ct. 558 (2007), which issued after his sentencing, abrogated the rationale of previous Fifth Circuit decisions by broadening the district court's discretion to impose a nonguidelines sentence. He argues, therefore, that the sentencing court labored under a misconception that it could not sentence him below the Guidelines in the absence of "extraordinary circumstances" or based on the court's disagreement with guidelines policy. Because this theory was not argued in the district court, we review for plain error. *See Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir.), *cert. denied*, 129 S. Ct. 328 (2008). Nothing in the record suggests that the district court was constrained by this court's precedent from considering all of Rivera-Chavez's arguments for a nonguidelines sentence. Accordingly, there was no plain error. *See id.*

Citing the Supreme Court's decisions in *Kimbrough* and *Rita*, Rivera-Chavez next argues that the within-guidelines sentence imposed in his case should not be accorded a presumption of reasonableness. Rivera-Chavez

2

contends that the justification for applying a presumption of reasonableness in his case is undercut because U.S.S.G. § 2D1.1, the Guideline used to calculate his advisory sentencing guidelines range, was not promulgated according to usual Sentencing Commission procedures and did not take into account "empirical data and national experience." Rivera-Chavez portrays the *Kimbrough* decision as having "suggested" that the appellate presumption should not be applied to Guidelines that did not take account of this data and experience.

Our reading of *Kimbrough* does not reveal any such suggestion. The question presented in *Kimbrough* was whether "a sentence . . . outside the guidelines range is per se unreasonable when it is based on a disagreement with the sentencing disparity for crack and powder cocaine offenses." 128 S. Ct. at 564. Speaking specifically to the crack cocaine Guidelines, the Court simply ruled that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case." *Id.* at 575. In *Kimbrough*, the Court said nothing of the applicability of the presumption of reasonableness.

The appellate presumption is therefore applicable in this case. After reviewing for procedural errors and considering the substantive reasonableness of the sentence, we hold that Rivera-Chavez's appellate arguments fail to establish that his sentence is unreasonable.

Rivera-Chavez also argues that we should remand his case to the district court pursuant to FED. R. CRIM. P. 36 for correction of the judgment to reflect the proper offense of conviction. The indictment in the instant case reflects that Rivera-Chavez pleaded guilty to being found in the United States following a prior removal and without having obtained consent to reapply for admission. The judgment of conviction reflects, however, that Rivera-Chavez was adjudicated guilty of "[i]llegal reentry into the United States after having been

convicted of a felony." Rivera-Chavez asserts that the offense of illegal reentry is distinct from the offense of being found in the United States.

Rule 36 authorizes this court to correct only clerical errors, which exist when "the court intended one thing but by merely clerical mistake or oversight did another." *United States v. Steen*, 55 F.3d 1022, 1025-26 n.3 (5th Cir. 1995). In the district court's judgment, the "Nature of Offense" description, "[i]llegal reentry into the United States after having been convicted of a felony," so closely tracks the § 1326 title, "[r]eentry of removed aliens," that it bears no indicia of the district court having made a mistake or oversight. Rather, it appears that the district court intended the "Nature of Offense" to refer generally to the title of § 1326. Such a method of reference to § 1326 is not uncommon. In fact, this court has often used the term "illegal reentry" in reference to violations of § 1326 generally. *See, e.g., United States v. Gunera*, 479 F.3d 373, 376 (5th Cir. 2007) ("[A]n alien who has previously been denied entry or been deported or removed *commits the offense of illegal reentry* when the alien thereafter "enters, attempts to enter, or is at any time found in, the United States . . . ." (emphasis added)); *United States v. Vargas-Garcia*, 434 F.3d 345, 349 (5th Cir. 2005) ("The *illegal reentry statute* defines Vargas-Garcia's offense thusly: a removed alien *commits illegal reentry* when he 'enters, attempts to enter, or is at any time found in, the United States . . . .'" (emphasis added)). Thus, it appears that the district court's judgment uses the term "illegal reentry" intentionally in reference to § 1326 generally, and such is not a clerical error.[1]

Accordingly, we AFFIRM the judgment of the district court.

---

[1] As Rivera-Chavez observes, we have noted that attempted reentry under § 1326 constitutes an offense distinct from either reentry or being found in the United States under § 1326, *see United States v. Angeles-Mascote*, 206 F.3d 529, 531 (5th Cir. 2000); *United States v. Martinez-Espinoza*, 299 F.3d 414, 417 (5th Cir. 2002), but such cases, which focus on the distinction between actual entry and attempted entry, are inapposite here. In this case, the differences between actual and attempted entry are not at issue. Rather, Rivera-Chavez pled to being found unlawfully in the United States, and we are called to determine whether the judgment contained a clerical error in referring to that offense by its general statutory title.