**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 15, 2011

No. 09-30765

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

VALERICK BURRELL,

Defendant - Appellant

Appeal from the United States District Court
for the Middle District of Louisiana

Before JOLLY, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:

The defendant, Valerick Burrell ("Burrell"), appeals his conviction for possession of a firearm by a convicted felon pursuant to 18 U.S.C. § 922(g)(1). He raises a series of challenges to the district court's rulings during his trial and in response to his motion to suppress. We do not reach these claims, however, as we agree with the defendant that he was brought to trial beyond the date allowed by the Speedy Trial Act, which requires that a defendant's trial commence within 70 days of his indictment or first appearance before a judge. 18 U.S.C. § 3161(c)(1). While 18 U.S.C. § 3161(h) provides that certain periods of time are excluded from the 70-day clock, we conclude that the district court erroneously held that, pursuant to 18 U.S.C. § 3161(h)(3) and (7), the period of

No. 09-30765

time it took for the Government to secure the presence of one of its witnesses was excluded from the 70-day period; thus, Burrell was brought to trial beyond the date allowed by the Act. Therefore we must REVERSE the defendant's conviction, VACATE his sentence and REMAND the case so that the district court can determine whether to dismiss the indictment with or without prejudice.

## I.

The Speedy Trial Act requires that, "[i]n any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1).

If a trial does not commence by the date required by the Speedy Trial Act, the Act demands that "the information or indictment . . . be dismissed on motion of the defendant." *Id.* § 3162(a)(2); *see also Bloate v. United States*, 130 S. Ct. 1345, 1349 (2010) (stating that the Act "entitles [the defendant] to dismissal of the charges if [its] deadline is not met, § 3162(a)(2)"); *Zedner v. United States*, 547 U.S. 489, 507-08 (2006) ("The relevant provisions of the Act are unequivocal. . . . When a trial is not commenced within the prescribed period of time, 'the information or indictment *shall be dismissed* on motion of the defendant.' § 3162(a)(2)."). "The Act, however, excludes from the 70-day period delays due to certain enumerated events. § 3161(h)." *Bloate*, 130 S. Ct. at 1349.

In the instant case, Burrell's trial commenced 165 days after the date he first appeared before a judicial officer, which was the later of that date and the filing of the indictment against him. The Government contends that three exclusions to the 70-day speedy trial clock apply, making Burrell's trial timely.

2

No. 09-30765

The first is the exclusion under 18 U.S.C. § 3161(h)(1)(D) for a "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." As the Supreme Court recently explained, "[r]ead, as it must be, in the context of subsection (h), this text governs the automatic excludability of delays . . . from the time a motion is filed through the hearing or disposition point specified in the subparagraph." *Bloate*, 130 S. Ct. at 1352-53. Burrell does not challenge the applicability of this exclusion.

The second and third exclusions that the government claims apply are the exclusions under § 3161(h)(3) and § 3161(h)(7). Burrell challenges the applicability of both.

Subsection 3161(h)(3)(A) excludes "[a]ny period of delay resulting from the absence or unavailability of a defendant or an essential witness." The statute continues that "a defendant or an essential witness shall be considered absent when his whereabouts are unknown and, in addition, he is attempting to avoid apprehension or prosecution or his whereabouts cannot be determined by due diligence" and "a defendant or an essential witness shall be considered unavailable whenever his whereabouts are known but his presence for trial cannot be obtained by due diligence or he resists appearing at or being returned for trial." 18 U.S.C. § 3161(h)(3)(B). In the instant case, the Government only claims that § 3161(h)(3)(A) is applicable because its essential witness, one of the arresting officers, was "unavailable" because his presence could not obtained by "due diligence." The Government acknowledges that the witness was not resisting appearing or avoiding apprehension, nor were his whereabouts unknown. (Hereinafter, we refer to this exclusion as the "unavailable essential witness exclusion.") The statute states that "the Government shall have the burden of going forward with the evidence in connection with any exclusion of time under subparagraph 3161(h)(3)." *Id*. § 3162(a)(2).

No. 09-30765

Subsection § 3161(h)(7) excludes "[a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." (Hereinafter, we refer to this exclusion as the "ends of justice exclusion."). The ends of justice exclusion contains an exception, § 3161(h)(7)(C), which states: "No continuance under [this exclusion] shall be granted because of general congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government." Here too, the Government bears the burden of establishing the applicability of this exclusion as "the trial court [did not] independently recognize[] the need for such a delay" and the Government is "the party seeking to benefit from the delay." *United States v. Bigler*, 810 F.2d 1317, 1323 (5th Cir. 1987); *see also United States v. Gonzales*, 137 F.3d 1431, 1435 (10th Cir. 1998) (stating that when the Government seeks the exclusion, it must "support[] by the information and evidence presented to the district court" that there is a "permissible" basis for the exclusion); *United States v. Kelley*, 36 F.3d 1118, 1126 n.5 (D.C. Cir. 1994) ("The burden is on the movant to show that the 'ends of justice' require a continuance of the trial."); *United States v. New Buffalo Amusement Corp.*, 600 F.2d 368, 375 (2d Cir. 1979) ("[I]t seems to us that the burden is on the government or the court to set forth in the record what are excludable periods or at least what are the operable facts leading to the exclusion.").

4

No. 09-30765

## II.

Burrell first appeared before a judicial officer on July 3, 2008, starting the speedy trial clock.[1] *See* 18 U.S.C. § 3161(c)(1). Therefore, absent an applicable exclusion, the Speedy Trial Act required that Burrell be brought to trial by September 11, 2008. However, both parties agree that Burrell filed a motion to suppress on August 4, 2008, which was ruled upon on October 14, 2008. This period, the parties agree, falls within the exclusion under 18 U.S.C. § 3161(h)(1)(D) for a "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion," thereby excluding 72 days from the speedy trial clock. Accordingly, taking account of this period, the Speedy Trial Act required that Burrell be brought to trial by November 22, 2008. Consistent with this requirement, the trial was originally scheduled for November 5, 2008.

However, prior to the trial's scheduled November 5 commencement, the Government moved for a continuance because one of the arresting officers, Nathan Crawford—who allegedly overheard the defendant's confession of his possession of a firearm—would be unavailable to testify because of a prior commitment. The Government argued that this circumstance justified the unavailable essential witness and ends of justice exclusions to the speedy trial clock. The substance of the Government's motion read in full:

> Deputy Nathan Crawford, [sic] is unavailable to testify at the trial of this matter scheduled for November 5, 2008, due to previously scheduled official commitments, described in more detail below.
> The United States has subpoenaed East Baton Rouge Parish Sheriff Deputy Nathan Crawford as a witness. Deputy Crawford was present for the arrest of the defendant, was first to approach and confront him, and ultimately heard the his [sic] confessions of

---

[1] Burrell's indictment was filed on June 11, 2008, and made public on July 2, 2008.

No. 09-30765

the defendant. Deputy Crawford is an essential witness regarding the approaching trial.

Deputy Crawford currently serves as a member of the East Baton Rouge Parish Sheriff's Office's SWAT Team. Due to man power staffing shortages and recent personnel losses, Deputy Crawford is the only "Less-lethal" instructor remaining among Sheriff's Department's [sic] staff. Routine certifications are required and Deputy Crawford's current certification will expire before another class is offered. The Sheriff's Department has already paid, on behalf of Deputy Crawford, the approximate $4,000 cost for tuition and hotel accommodations. Should Deputy Crawford not re-certify at this opportunity, his current certification will expire and the Sheriff's Department will be without properly credentialed persons thereby placing its rating in jeopardy.

In light of the above, the United States submits that [Deputy] Crawford is an essential witness who is unavailable for the November 5, 2008, trial and requests that the period of delay from the requested continuance be deemed excludable under the Speedy Trial Act. See 18 U.S.C. § 3161(h)(3)(A)-(B).

The United States further submits that due to the necessity and urgency of his recertification, the ends of justice served by the requested continuance outweigh the best interest of the public and the defendant in a speedy trial. The United States therefore requests that the period of delay from the requested continuance be deemed excludable under the Speedy Trial Act on these grounds as well. See 18 U.S.C. § 3161(h)(8)(A).[2]

The United States has contacted Kathleen Petersen, attorney for the defendant, and informed her of our intention to file this motion. Ms. Petersen informed the undersigned that she objects to this continuance.

---

[2] The Speedy Trial Act was amended in October 2008, moving the ends of justice exclusion from 18 U.S.C. § 3161(h)(8) to 18 U.S.C. § 3161(h)(7). Judicial Administration and Technical Amendments Act of 2008, Pub. L. 110-406, § 13, 122 Stat. 4291, 4294. That amendment did not alter the text of the exclusion. *Id.* The Government clearly did not intend to cite to the amended § 3161(h)(8)(A), which provides an exclusion only for "Any period of delay, not to exceed one year, ordered by a district court upon an application of a party and a finding by a preponderance of the evidence that an official request, as defined in section 3292 of this title, has been made for evidence of any such offense and that it reasonably appears, or reasonably appeared at the time the request was made, that such evidence is, or was, in such foreign country."

No. 09-30765

WHEREFORE, the United States prays that the trial of this matter be continued and that the period of delay resulting from such continuance be deemed excludable under the Speedy Trial Act.

(paragraph numbers omitted). The Government neither attached exhibits to this motion nor put on testimony explaining or supporting the above assertions.

The district court granted the motion on both grounds. The substance of its order read in full:

> IT IS ORDERED that the trial which is currently scheduled for November 5, 2008, be continued and rescheduled at a later date.
>
> THE COURT FINDS that an essential witness is unavailable for the trial scheduled November 5, 2008.
>
> THE COURT FINDS that for the reasons set forth in the United States Motion, the ends of justice served by granting such continuance outweigh the best interests of the public and the defendant in a speedy trial.
>
> IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 3161(h)(3)(A), and also pursuant to 18 U.S.C. § 3161(h)(8)(A), that the period of delay resulting from the continuance be and hereby is deemed excludable in computing the time within which the trial must be commenced.

The trial was rescheduled for December 15, 2008, making the trial commence approximately three weeks beyond the Speedy Trial Act deadline if the exclusions to the speedy trial clock for an unavailable essential witness and the ends of justice did not apply. When the trial commenced, the defendant renewed his objection to the continuance, arguing that neither the record nor the Government's motion properly supported granting either of the Speedy Trial Act exclusions and therefore the trial was untimely under the Act. Specifically, the defense attorney emphasized that "the motion [did not have] sufficient information in it to show that the Government had used due diligence to get Nathan Crawford here." The Government responded "that we stand behind the contents of our motion as submitted previously." Again, it did not introduce

No. 09-30765

exhibits nor put on testimony supplementing or supporting its motion. The district court overruled the defendant's objection, stating:

> On or about October 27 the United States received information that its witness, Deputy Crawford, was scheduled for this apparently specialized training; that public funds totaling about four thousand dollars had been paid to cover the cost of that training, and that if he did not participate—or the implication is that if he did not participate that money would be lost, or at least some of it would be lost. In addition to him not being able to recertify as a less lethal instructor, which is, again, part of his qualifications as a law enforcement officer, the court felt that that was sufficient justification to warrant putting the trial off; that there was no—that this was not something manufactured by the Government, but merely an unfortunate coincidence that prevented us from going forward on that date. So for those reasons, the court granted the motion to continue. And for those same reasons the court will overrule the objection to that order.

The defendant again objected to this ruling. He now appeals, arguing that the district court's ruling was in error and thus the trial commenced outside the period allowed by the Speedy Trial Act.

**III.**

"We review the district court's factual findings supporting its Speedy Trial Act ruling for clear error and its legal conclusions *de novo*." *United States v. Green*, 508 F.3d 195, 199 (5th Cir. 2007) (quoting *United States v. Stephens*, 489 F.3d 647, 652 (5th Cir. 2007)) (internal quotation marks omitted).

We conclude that the Government did not demonstrate the applicability of the unavailable essential witness exclusion. Accordingly, in light of 18 U.S.C. § 3161(h)(7)(C)'s exception to the ends of justice exclusion—which states that the ends of justice exclusion cannot apply for the "failure to obtain available witnesses on the part of . . . the Government"—we also conclude that the Government has not shown the applicability of this exclusion. Therefore, the trial commenced beyond the date allowed by the Speedy Trial Act.

8

No. 09-30765

As stated above, the Government contended that the unavailable essential witness exclusion, 18 U.S.C. § 3161(h)(3), applied only because Deputy Crawford was "unavailable," as his whereabouts were known but his presence could not be "obtained by due diligence." "Due diligence," as used in the Speedy Trial Act, is not defined in the statute and has never been defined by this circuit. However, the case law and commentary have consistently indicated that the term should be given its plain meaning, that to satisfy § 3161(h)(3)'s "due diligence" requirement the Government must present evidence that the witness's presence could not be obtained through its "reasonable" efforts. *See Black's Law Dictionary* 523 (9th ed. 2009) (defining "due diligence" as "[t]he diligence reasonably expected from, and ordinarily exercised by, a person who seeks to satisfy a legal requirement or to discharge an obligation").[3]

A prime example of this interpretation of the term by other courts is in *United States v. Patterson*, 277 F.3d 709 (4th Cir. 2002). There, the Fourth Circuit concluded that the Government had shown that its witness was unavailable because his presence could not be obtained through due diligence when "the undisputed facts demonstrate[d] that [the witness]'s presence could not be secured through reasonable efforts." *Id.* at 712. In particular, the

---

[3] *See also Williams v. Taylor*, 529 U.S. 420, 435 (2000) ("Diligence for purposes of the opening clause [of 28 U.S.C. § 2254(e)(2)] depends upon whether the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court; it does not depend, as the Commonwealth would have it, upon whether those efforts could have been successful."); *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 208 (1976) ("But experts such as accountants who have prepared portions of the registration statement are accorded a 'due diligence' defense. . . . An expert may avoid civil liability with respect to the portions of the registration statement for which he was responsible by showing that 'after reasonable investigation' he had 'reasonable ground(s) to believe' that the statements for which he was responsible were true and there was no omission of a material fact."); *Chicago & Nw. Ry. Co. v. United States*, 246 U.S. 512, 516 (1918) ("Now, what is due diligence? Due diligence . . . means the exercise of foresight bringing to bear on the situation in hand, the transaction in hand, the human intelligence of an average man employed in such business and exercised by a man who has been experienced in [such] business, trained in [such] business so that he knows what should be done in the matter . . . .").

No. 09-30765

Government had demonstrated, through testimony of a United States marshal, that it had attempted to arrange for the witness's transportation to the trial, but that to ensure the witness would be "in time for trial . . . would require chartering a plane or driving [the witness from] South Carolina . . . [which] would create 'a hardship' for the [United States Marshals Service]." *Id*. at 711 (quoting testimony).

Prominent commentators have endorsed *Patterson* as properly articulating § 3161(h)(3)'s requirements, with the Wright and Miller treatise specifically citing *Patterson* for its holding that § 3161(h)(3)'s due diligence requirement was satisfied "[b]ecause the undisputed facts demonstrate[d] that the witness's presence could not be secured through reasonable efforts." 3B Charles Alan Wright et al., *Federal Practice & Procedure* § 833, at 417 n.43 (3d ed. 2004); *see also* 5 Wayne R. LaFave et al., *Criminal Procedure* § 18.3(b), at 143 n.32 (3d ed. 2007). Moreover, another court has built on *Patterson*'s holding, stating that when "the Government ha[d] repeatedly failed to present any evidence to explain" why transportation could not be arranged to bring its witness to trial, it had failed to show that the witness's presence could not be obtained through due diligence. *United States v. Ferguson*, 574 F. Supp. 2d 111, 115 (D.D.C. 2008) (citing *Patterson*, 227 F.3d at 711-12).

Consistent with this case law and commentary, other circuits have also held that the Government failed to demonstrate that its witness could not be obtained by due diligence when the Government did not show that it had made reasonable efforts to use the resources at its disposal to obtain the witness's testimony. For instance, in *United States v. Hamilton*, the Third Circuit held that the Government did not demonstrate it had exercised due diligence because it did not attempt "to elicit the witness's testimony by a grant of use immunity." 46 F.3d 271, 279 (3d Cir. 1995). Likewise, in *United States v. Lopez-Espindola* the Ninth Circuit held that the Government did not demonstrate it had exercised

10

due diligence because it did not "attempt to secure the body of the [witness in state custody] by means of a federal writ of habeas corpus ad prosequendum or otherwise." 632 F.2d 107, 109 (9th Cir. 1980); *see also United States v. Nash*, 946 F.2d 679, 680 (9th Cir. 1991) (indicating that if the government had the ability to "use [a] writ" to obtain an individual's presence, but did not do so, it did not demonstrate due diligence); *United States v. McNeil*, 911 F.2d 768, 775 (D.C. Cir. 1990) (Sentelle, J., concurring) (stating that because the Government did not indicate it attempted to post a bond for a witness in state prison or enforce a writ of "habeas corpus ad testificatum issuable by the District Court," it did not show due diligence).

Conversely, district courts have concluded that the Government demonstrated that it had exercised due diligence when it presented evidence showing that it had made reasonable efforts to secure an individual's presence. For example, in *United States v. Saric*, No. 95 CR 661(RPP), 2011 WL 31079, at *11 (S.D.N.Y. Jan. 4, 2011), the court stated that the Government demonstrated that it had exercised due diligence in attempting to secure the presence of an individual who had fled to Canada, by showing that it had "fil[ed] extradition requests to the Canadian authorities." Likewise, in *United States v. Reumayr*, 530 F. Supp. 2d 1200, 1209 (D.N.M. 2007), the court held that the Government demonstrated that it had exercised due diligence because it showed that it had filed an "extradition request" for the return of an individual who had fled abroad. In *United States v. Robinson*, 731 F. Supp. 1343, 1347 (S.D. Ill. 1989), the district court concluded that the Government had exercised due diligence after it "submitted for in camera review, under seal, the affidavits of [two] DEA [s]pecial [a]gents . . . concerning efforts made to locate the two" individuals.

Here, the Government did not present any evidence that it made reasonable efforts to secure Deputy Crawford's presence at the scheduled trial dates. Unlike in *Patterson*, where the Government called a United States

marshal to establish that it had attempted to secure the witness's presence at the scheduled trial but found that it would be an unreasonable "hardship" to do so, in this case, the Government put on no testimony and introduced no evidence explaining why it could not arrange for Deputy Crawford to testify at Burrell's trial. As in *Ferguson*, the government "repeatedly failed to present any evidence to explain" why, through reasonable efforts, transportation could not be arranged to bring its witness to trial. 574 F. Supp. 2d at 115. In fact, the record is devoid of any evidence, or even mention, regarding where Deputy Crawford's re-certification course was located, its hours of operation, or its attendance policies, and thus, it is impossible to even surmise whether it would have been reasonably feasible for Deputy Crawford to be brought from the training facility to the court to testify without interfering with his completion of the program. Relatedly, the record does not indicate that the Government ever contacted the course administrators to explain the circumstances and determine whether there was any way in which Deputy Crawford could both testify and complete the re-certification course. Therefore, because the Government failed to present any evidence showing that Deputy Crawford's presence could not be secured through its reasonable efforts, it has not shown that his presence could not be obtained through due diligence. Thus, we conclude that the unavailable essential witness exclusion under 18 U.S.C. § 3161(h)(3) cannot apply in this case.

This conclusion also dictates that the ends of justice exclusion under 18 U.S.C. § 3161(h)(7) cannot apply. Section 3161(h)(7)(C) states that "No [ends of justice] continuance . . . shall be granted because of [the] . . . failure to obtain available witnesses on the part of the attorney for the Government." As the Supreme Court recently explained in *Bloate*, any exclusion under § 3161(h) "must be" interpreted "in the context of [the] subsection" as a whole. 130 S. Ct. at 1352. Because we have already concluded that the Government did not demonstrate that Deputy Crawford was "unavailable" under § 3161(h)(3), by

failing to introduce any evidence indicating that it exercised due diligence to secure Deputy Crawford's presence, we must also conclude that it failed to show that Deputy Crawford was not available under § 3161(h)(7)(C). *See United States v. Vasser*, 916 F.2d 624, 628 (11th Cir. 1990) (using the due diligence and "essential witness" requirements under § 3161(h)(3) to determine that the government had shown a witness was not "available" under § 3161(h)(7)(C)); *cf. United States v. Occhipinti*, 998 F.2d 791, 797 (10th Cir. 1993) (stating that the government must show it "has not created that need [for the ends of justice exclusion] through lack of diligence"). Therefore the ends of justice exclusion cannot apply because the Government has not carried its burden to show that the delay did not result from the Government's "failure to obtain [an] available witness[]." 18 U.S.C. § 3161(h)(7)(C). Such a conclusion is consistent with our obligation to interpret statutes in a manner that will not lead to absurd results. *See, e.g.*, *Dodd v. United States*, 545 U.S. 353, 359 (2005). To hold otherwise, we would have to conclude that the Government failed to show Deputy Crawford was "unavailable" under § 3161(h)(3), and yet showed that Deputy Crawford was not "available" under § 3161(h)(7).

Accordingly, because neither exclusion applies, Burrell was not brought to trial by the date required under the Speedy Trial Act.

**IV.**

Because Burrell was not brought to trial within the 70-day window as calculated under the Speedy Trial Act, the Act "mandates that [the] conviction[] be reversed, [the defendant's] sentence vacated and the indictment against him dismissed." *United States v. Stephens*, 489 F.3d 647, 657-58 (5th Cir. 2007). "In outlining the sanctions for a Speedy Trial Act violation, the statute leaves to the court's discretion whether to dismiss the indictment with or without prejudice. 18 U.S.C. § 3162(a)(2)." *Id.* at 658. "This discretion is channeled through three factors, consideration of which is mandatory: (1) the seriousness of the offense,

(2) the facts and circumstances of the case which led to the dismissal, and (3) the impact of a reprosecution on the administration of the [Speedy Trial Act] and on the administration of justice." *Id.* (alteration in original) (quoting *United States v. Martinez-Espinoza*, 299 F.3d 414, 418 (5th Cir. 2002)) (internal quotation marks omitted). "[O]ur usual practice is to remand for the district court to consider the factors." *Id.* (quoting *Martinez-Espinoza*, 299 F.3d at 418) (internal quotation marks omitted). The parties give no reason why we should depart from our usual practice in this case. Accordingly, we remand the case for the district court to determine whether dismissal should be with or without prejudice, giving proper consideration to the factors set forth in 18 U.S.C. § 3162(a)(2). *See Stephens*, 489 F.3d at 658.

## V.

For the foregoing reasons, we REVERSE the defendant's conviction, VACATE his sentence and REMAND to the district court so that it can determine whether the indictment should be dismissed with or without prejudice.