# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 5, 2022

Lyle W. Cayce
Clerk

No. 21-60569

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MAURICE DENT,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:19-CR-3

Before HIGGINBOTHAM, HAYNES, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Charged as a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), Maurice Dent alleges that he was not timely tried

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-60569

within the 70-day window required by the Speedy Trial Act, 18 U.S.C. § 3161(c)(1). We agree.[1]

Under the Speedy Trial Act, a defendant must be brought to trial within 70 days of the latter of: the date the indictment was filed, or the date the defendant "appeared before a judicial officer of the court in which such charge is pending." § 3161(c)(1). However, there are exceptions. Relevant here, § 3161(h)(1)(D) tolls the Act's 70-day limitation for delay resulting from the filing and resolution of a pretrial motion, and § 3161(h)(3)(A) tolls the time for delay resulting from the unavailability of an essential witness.[2]

In this case, 31 days after his initial appearance on April 2, 2019, Dent filed a motion to continue his trial. This paused his speedy trial clock, leaving the Government 39 days to bring him to trial once the motion was resolved by the district court. *See* § 3161(h)(1)(D). Before the clock resumed ticking, the Government moved on July 31, 2019, to continue trial because an essential witness, Jackson police officer Reginald Craft, was unavailable due to his overseas military deployment.[3] *See* § 3161(h)(3). In its motion, the Government represented that Craft, whose "testimony [was] expected to place the defendant in possession of a firearm," was "not scheduled to return . . . until sometime between December 2019 and January 2020." The district court granted the Government's motion on August 2, 2019. It ordered the Government to report "as expeditiously as possible about its

---

[1] Dent also contends that his above-guidelines sentence is procedurally unreasonable. We do not reach this contention given our conclusion that Dent did not receive a speedy trial.

[2] A witness may be considered "unavailable" if his location is known but his presence at trial cannot be secured by "due diligence." § 3161(h)(3)(B); *United States v. Burrell*, 634 F.3d 284, 287 (5th Cir. 2011).

[3] The parties dispute whether the witness was in fact "essential." We need not answer this question, though, because Dent did not receive a speedy trial regardless.

efforts to obtain the testimony of the essential witness," and continued the matter "for an indeterminate time but not later than January, 2020." The court found that "the period of delay shall be excluded in computing the time within which the trial of this matter commence in accordance with the Speedy Trial Act."

The district court held an evidentiary hearing on August 23, 2019. Though memorialized only with a minute entry on the docket, the court apparently received evidence, including testimony, regarding Craft's deployment and resulting unavailability as a witness. On November 1, 2019, the Government notified the district court that its deployed witness had returned from overseas and was available for trial. Nevertheless, on November 5, the district court entered another continuance order that detailed evidence adduced during the court's August 23 hearing and (again) granted the Government's July 31, 2019 motion. Without mentioning the November 1 notification that Craft was available to testify, the court repeated is August 2 finding "that an essential witness of the Government [was] unavailable" and again continued Dent's trial "for an indeterminate time but not later than January, 2020." The court's November 5 order also repeated that "the period of delay shall be excluded in computing the time within which [Dent's] trial . . . commence in accordance with the Speedy Trial Act."

On January 7, 2020, the district court set Dent's trial for February 18, 2020. On February 10, Dent filed a motion to dismiss, contending that the Government's essential witness was not truly "essential," such that the § 3161(h)(3)(A) exception to the Act's 70-day time limit was inapplicable. Dent also argued that, regardless of whether the Government's "essential" witness had tolled the clock, Dent had not been brought to trial within 70 days as required by the Act. Without elaboration, the district court denied Dent's

motion to dismiss, concluding that neither of Dent's contentions were "a basis for a violation of [the right to a] speedy trial."

But Dent was correct. After the Government informed the district court on November 1, 2019, that its deployed witness was available for trial, Dent's speedy trial clock began ticking again. By the time Dent moved to dismiss on February 10, 2019, 132 cumulative "untolled" days had passed— almost double the Act's 70-day limit. A hundred of those elapsed after the Government informed the court that its "essential" witness was ready to appear. And neither the district court's November 5 continuance order nor the Government offers authority to justify the district court's purported exclusion of the days between November 5 and February 18 from Dent's speedy trial timeline. If anything, the court's November 5 order appears to have been entered in error given the Government's November 1 notification that Craft was by then available. Setting aside the delay caused by Dent's motion to continue, § 3161(h)(1)(D), and even assuming that the Government's "essential" witness's unavailability stopped the clock under § 3161(h)(3)(A), Dent was not provided a speedy trial under the Act.

Accordingly, the district court erred by denying Dent's motion to dismiss. We REVERSE Dent's conviction, VACATE his sentence, and REMAND to the district court to determine whether the indictment should be dismissed with or without prejudice. *See Burrell*, 634 F.3d at 293; *United States v. Stephens*, 489 F.3d 647, 658 (5th Cir. 2007).