

1995 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-23-1995

# USA v Hamilton

Precedential or Non-Precedential:

Docket 94-7152

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1995

## Recommended Citation

"USA v Hamilton" (1995). *1995 Decisions.* Paper 19.
http://digitalcommons.law.villanova.edu/thirdcircuit_1995/19

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1995 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT


No. 94-7152


UNITED STATES OF AMERICA,
                                        Appellant

                    v.

ROY HAMILTON


On Appeal from the District Court of the Virgin Islands
                (D.C. No. 93-cr-00067)


Argued December 5, 1994

Before:  SLOVITER, Chief Judge, SCIRICA and
         COWEN, Circuit Judges

(Filed  January 23, 1995)

Azekah E. Jennings (Argued)
W. Ronald Jennings
United States Attorney
Christiansted, St. Croix
U.S. Virgin Islands

        Attorneys for Appellant

Iver A. Stridiron (Argued)
Charlotte Amalie, St. Thomas
U.S. Virgin Islands

        Attorney for Appellee

OPINION OF THE COURT

SLOVITER, Chief Judge.

The government appeals an order of the district court dismissing an indictment without prejudice in a drug case pursuant to the Speedy Trial Act, 18 U.S.C. §§ 3161-3174 (1988).

We have jurisdiction over the government's appeal pursuant to 18 U.S.C. § 3731. We exercise plenary review over the district court's construction and interpretation of the Speedy Trial Act and its provisions regarding excludable time. See United States v. Lattany, 982 F.2d 866, 870 (3d Cir. 1992), cert. denied, 114 S. Ct. 97 (1993). The findings of fact to which the district court applies the Speedy Trial Act are reviewed under a clearly erroneous standard. Id.

## I.

### Background and Procedural History

On March 25, 1993, three alleged drug couriers, Jewel Rose Hyde, Patricia Gray and Karen Boothe-Waller, were stopped by Customs Inspectors at the Cyril E. King airport in St. Thomas, U.S. Virgin Islands. The government alleges that each of the women had a quantity of cocaine strapped to her body and after her arrest, stated that appellee Roy Hamilton recruited them to carry the cocaine to Florida for him.

Hamilton was arrested in Miami, and was returned to the Virgin Islands to face charges. On April 1, 1993, a four-count indictment was returned in the District Court of the Virgin

Islands charging Hamilton with conspiracy to import cocaine into the United States in violation of 21 U.S.C. § 963 and possession with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.  Hamilton was arraigned before the district court on May 12, 1993.  By order of the magistrate judge entered May 28, 1993, Hamilton was released on bail into the joint custody of his parents and the Office of Probation and Control.

The three alleged couriers, Hyde, Gray and Boothe-Waller, also faced criminal charges in a separate criminal proceeding.  The record on appeal, however, does not reflect the date on which they were indicted.  At some point after they were indicted, the couriers filed suppression motions which delayed the disposition of their case.

The government's case against Hamilton was originally set for trial on July 12, 1993.  On that day, the government filed a motion for a continuance of the trial and for an order excluding all delay incident to such continuance for speedy trial computation purposes.  In support of its motion, the government stated that "[t]hree material witnesses [the three couriers] are unable to testify until the court disposes of the pending motions."  See Government's Motion for Continuance and Request for Entry of Order of Excludable Delay of July 12, 1993.  The government also stated that it "anticipates the motions will be resolved within one week and the witnesses will be available to testify at that time."  Id.

By order entered July 14, 1993, the district court granted the government's motion for a continuance and an order of excludable delay.  Pursuant to that order, the trial was continued until August 23, 1993.  The district court found that the ends of justice served by the granting of the motion outweighed the best interests of the public and the defendant in a speedy trial because "a July 12, 1993, trial would unreasonably deny the government the testimony of three material witnesses." App. at 43.

On August 9, 1993, the government filed another motion seeking an order continuing the trial date from August 23, 1993, and excluding all delay incident to such continuance for speedy trial computation purposes.  That motion was never ruled upon by the district court.  The trial, however, did not go forward on August 23, 1993, although Hamilton allegedly appeared at the scheduled time.

On October 21, 1993, the district court granted the couriers' motion to suppress.  The government promptly appealed that decision to this court, where that case was pending during the remainder of the relevant proceedings in this case.[1]

On January 4, 1994, the district court set the government's case against Hamilton for trial during the January

---

[1]. On September 28, 1994, we resolved the appeal in the couriers' case.  See United States v. Hyde, 37 F.3d 116 (3d Cir. 1994) (reversing the district court's suppression order and remanding for further proceedings).

31, 1994 trial period. Once again, the government filed a motion seeking an order continuing the trial indefinitely. In addition, it requested an order excluding all delay incident to such continuance from the district court's Speedy Trial Act computations. In support of this motion, the government asserted that the couriers were "essential" witnesses within the meaning of 18 U.S.C. § 3161(h)(3)(A). The government also contended that the couriers were "unavailable" to testify because the case against them was still pending, and that exclusion of the resulting delay was therefore proper under 18 U.S.C. § 3161(h)(3)(A). Finally, the government argued that if a continuance were not granted pursuant to 18 U.S.C. § 3161(h)(8)(A) the charges against Hamilton would have to be dismissed, which would result in a miscarriage of justice.

On January 20, 1994, the district court denied the government's motion without prejudice, stating that it required additional proof and authority to support the government's contention that the couriers were "unavailable" for Speedy Trial Act purposes. In particular, the court stated that it wished "to be briefed on why these witnesses cannot be made available through a grant of immunity as provided by law which would still permit the case against the three witnesses to go forward, if the government prevails on appeal." App. at 15.

On January 24, 1994, the government filed a motion for reconsideration of the court's Order of January 20, 1994, in

which it argued that the issue of whether the couriers could be granted immunity was irrelevant to the district court's analysis, as the decision to grant immunity is solely within the government's discretion.  At a hearing on the motion, the district court stated that it "agree[d] that it is within the sole purview of the government in situations like this to grant immunity or not."  Transcript of Proceedings, January 28, 1994 at 5.  Nonetheless, the court stated that "the interest of justice" weighed against granting the continuance.  Transcript of Proceedings, January 28, 1994 at 6-7.  The court then set the trial for February 7, 1994.

By order entered February 4, 1994, the district court formally denied the government's motion for reconsideration.  It concluded that the ends of justice and the interests of the public and the defendant would not be served by a continuance. The court determined that the three couriers were not unavailable based on (1) the failure of the government to grant use immunity to the couriers, and (2) the reasons set forth by the court at the January 28, 1994 hearing.  See App. at 48-49.

On February 7, 1994, the government's case against Hamilton came to trial.  The government appeared and declared that it was not prepared to proceed.  Hamilton promptly moved for a dismissal of the indictment.  The district court granted Hamilton's motion to dismiss without prejudice.  It also vacated all conditions of bail and exonerated all bail posted by Hamilton

or his surety.  The court's order of dismissal was issued, as amended, on February 23, 1994.

In its appeal, the government contends that the district court erred by failing to hold that the three couriers were both "essential" and "unavailable" for the purposes of the Speedy Trial Act.  It argues that because the district court erred in failing to exclude a relevant period of delay from its Speedy Trial Act calculation, the order dismissing the indictment pursuant to the Speedy Trial Act should be reversed.

## II.

## Discussion

The Sixth Amendment of the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . . ." U.S. Const. amend. VI. The Speedy Trial Act, 18 U.S.C. §§ 3161-3174, was designed to give effect to the Sixth Amendment right to a speedy trial "by setting specified time limits . . . within which criminal trials must be commenced." United States v. Rivera Constr. Co., 863 F.2d 293, 295 (3d Cir. 1988); see also H.R. Rep. No. 93-1508, 93d Cong., 2d Sess. (1974), reprinted in 1974 U.S.C.C.A.N. 7401, 7402. The Act requires that a trial shall start "within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1) (emphasis added). The statute provides, however, that certain periods of delay "shall be excluded . . . in computing the time within which the trial . . . must commence." 18 U.S.C. § 3161(h).

Subsection (h) of 18 U.S.C. § 3161 contains a list of circumstances which merit the exclusion of time from the seventy-day limit imposed by the Speedy Trial Act. Pursuant to that subsection, when a district court makes a Speedy Trial Act time calculation, it "shall" exclude, among other things:

(3)(A) Any period of delay resulting from the absence or unavailability of the defendant or an essential witness.

(B) For purposes of subparagraph (A) of this paragraph, . . . a defendant or an essential witness shall be considered unavailable whenever his whereabouts are known but his presence for trial cannot be obtained by due diligence or he resists appearing at or being returned for trial.

18 U.S.C. § 3161(h)(3).

In addition, the statute provides that a district court shall exclude any period of delay resulting from a continuance granted by the district court judge "on the basis of his findings that the ends of justice served by taking such action outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A).[2] A continuance pursuant to 18 U.S.C. § 3161(h)(8)(A), however, may not be granted because of "general congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government." 18 U.S.C. § 3161(h)(8)(C) (emphasis added).

If the trial does not commence within seventy days, or within an extended time allowable pursuant to section 3161(h), "the indictment or information must be dismissed on motion of the

---

[2]. See United States v. Lattany, 982 F.2d 866, 877 (3d Cir. 1992) (noting that a district court may delay articulating its reasons for granting the continuance if the continuance is entered before the seventy-day limit would have expired), cert. denied, 114 S. Ct 97 (1993).

defendant, with or without prejudice."  Lattany, 982 F.2d at 871;

see also 18 U.S.C. § 3162(a)(2).  In general, the defendant bears

the burden of proof of supporting such motion.  The government,

however, bears the burden of going forward with evidence with

respect to the exclusion of time for an unavailable essential

witness under 18 U.S.C. § 3161(h)(3).  See 18 U.S.C. §

3162(a)(2).

The government's appeal requires us to address, for the

first time, the meaning of the terms "essential witness" and

"unavailability" under 18 U.S.C. § 3161(h)(3)(A).[3]

A.   Were the three couriers "essential" witnesses?

Although we have not yet defined the term "essential"

for Speedy Trial Act purposes, several other courts of appeals

have addressed this issue, and their approaches have differed

somewhat.  In United States v. Eagle Hawk, 815 F.2d 1213, 1218

(8th Cir. 1987), cert. denied, 484 U.S. 1012 (1988), the court

held that "[w]here a witness is unquestionably important, and the

government has a good faith belief that it will use that

witness's testimony at trial, that witness may be deemed

---

[3].  We note that the government's arguments focus exclusively on
the excludable period due to the unavailability of essential
witnesses under 18 U.S.C. § 3161(h)(3).  The government has not
raised any arguments related to the district court's denial of
its motion for an "ends of justice" continuance pursuant to 18
U.S.C. § 3161(h)(8).  We therefore express no opinion on
propriety of the district court's denial of the motion for a
continuance.

'essential' for purposes of the Speedy Trial Act."[4]  In United States v. Marrero, 705 F.2d 652, 656 (2d Cir. 1983), the court appeared to employ a more restrictive interpretation of the word, stating that the legislative history of the Speedy Trial Act reveals that the term "essential" was "meant to refer to witnesses whose testimony would be extremely important to the proceeding, perhaps providing proof that was not otherwise attainable."  See also United States v. McNeil, 911 F.2d 768, 773-75 (D.C. Cir. 1990) (employing the definitions used in both Eagle Hawk and Marrero, and also suggesting that in order to be "essential," a witnesses testimony must be either the "cornerstone of the Government's case" or "particularly important to any necessary element of that case").

In this case, the government contends that each of the couriers will testify (1) that Hamilton recruited her to carry cocaine to Miami, Florida, (2) that Hamilton financed her trip to and from Miami, and (3) that Hamilton gave her cocaine.  This testimony, the government contends, renders the couriers' testimony essential to the prosecution of Hamilton under either the Marrero or the Eagle Hawk formulation.

---

[4].  In Eagle Hawk, the court also noted that if "the witness's anticipated testimony will be merely cumulative, or substantially irrelevant, that witness should be deemed non-essential." United States v. Eagle Hawk, 815 F.2d 1213, 1218 (8th Cir. 1987), cert. denied, 484 U.S. 1012 (1988).

Hamilton urges a narrow construction of the term "essential." According to Hamilton, a witness should be deemed "essential" under section 3161(h)(A) only if his or her testimony constitutes virtually all of the government's evidence in the case with respect to an element of the offense charged and the government's case would therefore fail without the witness's testimony. See Marrero, 705 F.2d at 656 (testimony of the "essential" witness in that case was "virtually the only evidence the government had"); see also United States v. Vassar, 916 F.2d 624, 628 (11th Cir. 1990) (testimony of several drug couriers was "essential" to convicting a defendant on certain drug conspiracy charges where the couriers' testimony was the only evidence of specific counts in the indictment), cert. denied, 500 U.S. 907 (1991).

Hamilton argues that in this case the potential witnesses "were not so vital to the proceedings that to proceed to trial without them would have been impossible or that absent their testimony a miscarriage of justice would occur." Appellee's Brief at 13. He reasons that the government has additional witnesses who can testify that Hamilton purchased the tickets to and from Miami and that he was accompanying the women when they were arrested and the cocaine was discovered. Therefore, the argument continues, because this evidence could possibly support a conviction of Hamilton on the counts charged

in the indictment, the testimony of the couriers themselves is not "essential" to the government's case.

We decline to adopt Hamilton's interpretation of the term "essential."  We believe a witness may be deemed "essential" for the purposes of 18 U.S.C. § 3161(h)(3)(A) even though the government could possibly obtain a conviction without that witness's testimony.  The Senate Judiciary Committee report accompanying the Speedy Trial Act defined an "essential witness" as "a witness so essential to the proceeding that continuation without the witness would <u>either</u> be impossible <u>or</u> would likely result in a miscarriage of justice." 1974 S. Rep. No. 93-1021, 93d Cong., 2d Sess. 37 (1974), <u>reprinted in</u> Anthony Partridge, <u>Legislative History of Title I of the Speedy Trial Act of 1974</u>, at 123 (1980) (emphasis added).  The legislative history of the Speedy Trial Act therefore suggests that the government need not demonstrate impossibility of conviction without the witness before that witness may be deemed "essential."  A witness may also be treated as "essential" if, in the absence of that witness's testimony, a miscarriage of justice may likely occur. <u>See</u> <u>United States v. Tedesco</u>, 726 F.2d 1216, 1222 (7th Cir. 1984) (a witness may be deemed "essential" for Speedy Trial Act purposes "even when the Government could convict without his testimony").

We therefore join with the Court of Appeals of the Eighth Circuit in holding that where a witness is unquestionably

important to the prosecution's case, and the government has a good faith belief that it will use that witness's testimony at trial, the district court may treat that witness as "essential" for Speedy Trial Act purposes.  See Eagle Hawk, 815 F.2d at 1218. On the other hand, if the witness's testimony will be merely cumulative or substantially irrelevant, the witness should not be deemed essential.  Id.

In this case, the proposed testimony of the couriers is clearly crucial to the government's prosecution of Hamilton.  The couriers alone can testify that Hamilton gave them the cocaine. Thus, the testimony of the couriers is "unquestionably important" and neither irrelevant nor cumulative.  Moreover, there is no suggestion that the government did not have a good faith belief that it would be using the testimony of the couriers at trial. We thus conclude that the couriers were "essential" witnesses for purposes of 18 U.S.C. § 3161(h)(3)(A).[5]

B.  Were the three couriers "unavailable"?

We part company with the Eagle Hawk court, however, in its interpretation of when a witness is to be deemed "unavailable" for Speedy Trial Act purposes.  Under the Speedy Trial Act, an essential witness is deemed "unavailable" if "his

_____

[5].  In light of our decision, we need not decide whether the couriers would also satisfy the test of "essentiality" set forth in United States v. Marrero, 705 F.2d 652, 656-57 (2d Cir. 1983) (concluding that the testimony of a defendant's accomplices rendered them "essential" to the government's case in part because such testimony was the "most persuasive evidence" against the defendant).

whereabouts are known but his presence for trial cannot be obtained by due diligence or he resists appearing at or being returned for trial." 18 U.S.C. § 3161(h)(3)(B). In denying the government's motion for a continuance, the district court concluded that it could not find that the couriers were "unavailable" because the government could grant use immunity to the couriers, who might otherwise have pled the Fifth Amendment, which would have allowed them to testify despite their pending indictment.

The government presented no evidence suggesting that the couriers were actively resisting efforts to obtain their appearance at trial. Instead, it contends, apparently as a matter of law, that the pendency of a related criminal action against the three couriers rendered them automatically "unavailable" for Speedy Trial Act purposes. The government relies on the holding in Eagle Hawk that, "once a witness is under indictment for the same offense as that to which he is requested to testify, fifth amendment safeguards render this witness unavailable for purposes of the Speedy Trial Act." Eagle Hawk, 815 F.2d at 1219. Thus, that court affirmed the grant of a continuance to the government due to the unavailability of an essential witness under those circumstances.[6]

---

[6]. In support of its conclusion regarding the unavailability of a witness, the Eagle Hawk court cited only United States v. Dichne, 612 F.2d 632 (2d Cir. 1979), cert. denied, 445 U.S. 928 (1980). That citation is unpersuasive, however. In Dichne, the Second Circuit declined to address the meaning of the term "unavailability" under section 3161(h)(3)(A) because the sanction

Although we are fully appreciative of the concerns expressed by the Eagle Hawk court regarding the Fifth Amendment, we decline to adopt that court's broad definition of the term "unavailable."  Obviously, the mere pendency of an indictment against an essential witness does not automatically render that witness "unavailable" to testify, because the witness can choose to waive the Fifth Amendment privilege against self-incrimination.  See, e.g., Maness v. Meyers, 419 U.S. 449, 466 (1975) (privilege can be waived by not asserting it in a timely fashion).  More important, a grant of use immunity will satisfy the requirements of the Fifth Amendment.  See In re Grand Jury Matter, 673 F.2d 688, 689-90 n.4 (3d Cir.), cert. denied, 459 U.S. 1015 (1982).  It follows that the government has the power to minimize the Fifth Amendment concerns presented by calling indicted witnesses, and at the same time satisfy the Sixth Amendment interests that animate the Speedy Trial Act.

The government complains that consideration of the availability of use immunity in connection with the application of 18 U.S.C. § 3161(h)(3) improperly restricts its discretion to

(..continued)
of dismissal imposed by the Speedy Trial Act did not apply under the facts of the case.  Id. at 641.  Although the Dichne court suggested that, even if the Speedy Trial Act applied, dismissal would not be mandated, id. at 642, it reached this conclusion by reasoning that the postponement of the trial was granted "in the interest of justice, and involved no serious prejudice of the accused's rights."  Thus, the Dichne Court would have excluded the period of delay under 18 U.S.C. § 1361(h)(8)(A), not under section 1361(h)(3)(A).

grant use immunity.  We agree with the government that a determination regarding use immunity is a matter of prosecutorial discretion, a principle enunciated by the Supreme Court, see United States v. Doe, 465 U.S. 605, 616-17 (1984); Pillsbury Co. v. Conboy, 459 U.S. 248, 261 (1983), and frequently acknowledged by this court.  See United States v. Adams, 759 F.2d 1099, 1107 (3d Cir.), cert. denied, 474 U.S. 906, cert. denied, 474 U.S. 971 (1985) ("the decision to grant immunity is reserved to the discretion of the executive branch."); see also Grand Jury Matter, 673 F.2d at 696 (Sloviter, J., concurring) ("A decision as to whom to immunize in order to elicit testimony inculpatory of another has traditionally been considered part of the prosecutorial, not judicial, function.").

We do not agree, however, that a district court's consideration of the government's discretion to grant use immunity in determining the availability of a witness for Speedy Trial Act purposes improperly interferes with the prosecutor's function or discretion.  The government fails to recognize the distinction between its broad discretion to grant immunity and the legal consequences of the exercise of that discretion.  The government's grant of use immunity to a witness always has legal consequences, i.e. the limitation of its ability to use the testimony against that witness in a subsequent criminal case. See 18 U.S.C. § 6002.  The fact that its decision not to grant a witness immunity may have consequences with respect to

calculation of excludable time under the Speedy Trial Act no more limits the government's discretion than does the consequence that results from its decision to grant use immunity. In both instances, the decision as to use immunity remains in the government's hands.

This situation is unlike that presented in Government of Virgin Islands v. Smith, 615 F.2d 964 (3d Cir. 1980), where we stated that the district court had authority in limited situations to grant judicial immunity to an essential witness to vindicate the defendant's right to a fair trial. In this case, the district court did not order the government to grant use immunity to the couriers. Indeed, it explicitly left that choice to the discretion of the government.

Thus, we hold that the mere fact that an essential witness is under indictment for the same or a related offense does not render that witness "unavailable" for the purposes of 18 U.S.C. § 3161(h)(3) in light of the government's ability to elicit the witness's testimony by a grant of use immunity. We are not here presented with a situation where a witness has refused to testify after a prosecutorial decision to grant use immunity. See Tedesco, 726 F.2d at 1221-22 (witness deemed "unavailable" for ten-day period during which he refused to testify despite immunity); Marrero, 705 F.2d at 654, 657-58 (essential witnesses deemed "unavailable" where they refused to

testify after receiving grants of immunity pursuant to 18 U.S.C. §§ 6002-6003).

Applying this rule to the facts of this case, we find no error in the district court's conclusion that the couriers were not unavailable for the purposes of 18 U.S.C. § 1361(h)(3)(A). Because the government declined to exercise its discretion to grant use immunity to the couriers, there is no showing that the couriers refused to testify after the grant of such immunity. The number of nonexcludable days clearly exceeded the limits of the Speedy Trial Act,[7] and we will affirm the order dismissing the indictment without prejudice.[8]

_____

[7]. The government does not argue that the district court erred in its mathematical calculations under the Speedy Trial Act leading it to the dismissal. Hamilton first appeared before a judicial officer on May 12, 1993. The seventy-day time period established by the Speedy Trial Act therefore began to run on May 13, 1993. See Lattany, 982 F.2d at 871 (date of arraignment is excluded from Speedy Trial Act calculations). By its order entered July 14, 1993, which has not been challenged in this appeal, the district court excluded the period from July 12 through August 23. Thus, as of February 7, 1994, 227 nonexcludable days had expired since Hamilton's first appearance before a judicial officer of the district court.

[8]. Hamilton initially requested this court to remand the case to the district court for entry of an order dismissing the indictment with prejudice. He now concedes that a cross-appeal would be required to secure from an appellate court more relief than that granted by the district court. See United States v. American Railway Express Co., 265 U.S. 425, 435 (1924). Moreover, we have previously interpreted 18 U.S.C. § 3731 as precluding a defendant from filing a cross-appeal when an appeal is brought by the government pursuant to that section. See United States v. Coleman, 862 F.2d 455, 457 (3d Cir. 1988), cert. denied, 490 U.S. 1070 (1989); see also United States v. Margiotta, 646 F.2d 729, 734 (2d Cir. 1981).

**IV.**

## Conclusion

For the foregoing reasons, we will affirm the district court's order of dismissal of the indictment in this case.