**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 16, 2012

Lyle W. Cayce
Clerk

No. 11-20220

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

HUGO ORTIZ,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

DENNIS, Circuit Judge:

The Speedy Trial Act requires that "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). The Act further provides that "[i]f, in the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment or information is filed within the time limit required by section 3161(b) as extended by section 3161(h) of this chapter, such charge against that individual contained in such complaint shall be dismissed or otherwise dropped." *Id.* § 3162(a)(1). The government concedes that it filed the indictment against the defendant in this case, Hugo Ortiz, beyond this 30-day deadline. However, it contends that

this period of delay resulted from the absence of "an essential witness," Santos Diaz-Soto, one of Ortiz's co-conspirators, and therefore, is excluded from the 30-day limit. *See id.* § 3161(h)(3)(A). We agree with Ortiz that the government has failed to show that Diaz-Soto was an "essential witness" for the purposes of obtaining a grand jury indictment against Ortiz, and therefore, that the indictment was filed beyond the time allowed by the Speedy Trial Act. Accordingly, the charges against Ortiz must be dismissed. *See id.* § 3162(a)(1). Therefore, we REVERSE Ortiz's conviction, VACATE his sentence, and REMAND the case so that the district court can determine whether to dismiss the case with or without prejudice.[1]

## I.

On September 11, 2009, an off-duty Texas Alcoholic Beverage Commission officer was working as a body guard for a traveling jewelry salesman in the Galleria Area of Houston when he was robbed at gunpoint by two men. The officer shot both men, who managed to escape. One of the suspects, Santos Diaz-Soto, was brought to an area hospital, and was later arrested. He confessed to a conspiracy with Ortiz and others to commit the robbery. Houston Police Department officers arrested Ortiz a few days later. On December 9, Ortiz was transferred to federal custody, and he made his initial appearance before a federal magistrate judge that same day; two days later, the magistrate denied Ortiz bond. On January 13, 2010, the government filed a two-count indictment charging Ortiz, Diaz-Soto, and two other co-defendants with interference with commerce by robbery in violation of 18 U.S.C. § 1951(a), and conspiracy to commit the same offense.

---

[1] Ortiz also raises several challenges to his sentence, however, we need not reach those issues because we vacate Ortiz's sentence as a consequence of the government's failure to file the indictment within the time prescribed by the Speedy Trial Act.

No. 11-20220

Ortiz moved to dismiss the charges under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, because it was filed more than thirty days after he was transferred to federal custody. The government conceded that the indictment was filed past the 30-day deadline set by the Act, *see* 18 U.S.C. § 3161(b), but argued that the charges should not be dismissed. Specifically, the government contended that Diaz-Soto was "an essential witness" under 18 U.S.C. § 3161(h)(3)(A), and because he had posted bond and fled before Ortiz was indicted, his absence tolled the 30-day period. The district court found that the government had been diligent in attempting to locate Diaz-Soto, and that he was "absent" within the meaning of the Speedy Trial Act. *United States v. Ortiz*, No. H-10-12-1, 2010 WL 2557679, at *2 (S.D. Tex. June 22, 2010) (unpublished). The court also determined that Diaz-Soto was an essential witness, regardless of the fact that the government had been able to obtain an indictment without him. *Id.* at *3. The court explained: "Diaz-Soto, of course, would have been very unlikely to testify before the grand jury without a promise of immunity from the Government. Nonetheless, the fact that Diaz-Soto was a fugitive and might not be available to testify at trial greatly limited the Government's ability to present the case to a grand jury." *Id.* Accordingly, the court denied Ortiz's motion to dismiss the charges. *Id.* Ortiz entered a conditional guilty plea to both counts of the indictment, reserving the right to appeal the court's Speedy Trial Act decision.[2]

---

[2] After the district court denied his motion to dismiss under the Speedy Trial Act, Ortiz filed a motion to "notif[y] the Court and the Government that he wishes to plead guilty to the present offense pursuant to [Federal Rule of Criminal Procedure] 11(a)(2)," which permits a defendant to enter "a conditional plea" that reserves "the right to have an appellate court review an adverse determination of a specified pretrial motion," Fed. R. Crim P. 11(a)(2). Ortiz's motion stated that he "wishes to preserve his appellate rights to enable an appellate court to review the Court's adverse determination of Mr. Ortiz' speedy trial motion." The government did not oppose the motion and the district court granted it. At the rearraignment, before Ortiz entered his plea, Ortiz's attorney stated, "I already filed my previous Rule 11(a)(2) [motion], which I think the Court granted"; and the government did not object. The

No. 11-20220

## II.

"'We review the district court's factual findings supporting its Speedy Trial Act ruling for clear error and its legal conclusions *de novo*.'" *United States v. Burrell*, 634 F.3d 284, 290 (5th Cir. 2011) (quoting *United States v. Green*, 508 F.3d 195, 199 (5th Cir. 2007)).

The Speedy Trial Act requires that "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). "The Act contains two main time limits: the limit in § 3161(b) running from arrest or summons to indictment, and the seventy-day limit in § 3161(c) running from indictment to trial." *United States v. DeJohn*, 368 F.3d 533, 538 (6th Cir. 2004). "The purpose of the former, the thirty-day limit at issue in this case, is to insure that individuals will not languish in jail or on bond without being formally indicted on particular charges." *Id.* The Act further provides that "[t]he following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed[:] . . . Any period of delay resulting from the absence [of] . . . an essential witness." 18 U.S.C. § 3161(h)(3)(A).

The government concedes that the indictment was filed beyond the 30-day deadline prescribed by the Speedy Trial Act, but contends that Diaz-Soto was an essential witness and that his absence, as a fugitive, tolled the 30-day time limit for filing Ortiz's indictment. Ortiz submits four arguments in response: (1) that the essential witness exclusion only applies to the trial timeline, and not to the indictment timeline; (2) that Diaz-Soto could not qualify as an essential witness

---

government concedes that Ortiz preserved the Speedy Trial Act issue for appeal. We agree, however, with the government that Ortiz did not reserve the right to appeal the district court's pretrial determination that there was probable cause for his arrest. *See United States v. Sanchez Guerrero*, 546 F.3d 328, 331 (5th Cir. 2008).

because he was a co-defendant; (3) that Diaz-Soto was not an essential witness because his testimony was not needed to obtain an indictment from the grand jury; and (4) that Diaz-Soto was not "absent" within the meaning of the Speedy Trial Act. We agree with Ortiz on the third point, that Diaz-Soto was not "an essential witness" because his testimony was not necessary to obtain a grand jury indictment, and thus, do not need to reach his other arguments.

The Speedy Trial Act does not define "essential witness," and although this court has not had occasion to expound this term, several of our sister circuits have. *See United States v. Miles*, 290 F.3d 1341 (11th Cir. 2002); *United States v. Hamilton*, 46 F.3d 271 (3d Cir. 1995); *United States v. McNeil*, 911 F.2d 768 (D.C. Cir. 1990); *United States v. Eagle Hawk*, 815 F.2d 1213 (8th Cir. 1987); *United States v. Marrero*, 705 F.2d 652 (2d Cir. 1983). All of those courts began by noting that the Senate Judiciary Committee report accompanying the Speedy Trial Act provides the following explanation: "By an 'essential witness' the Committee means a witness so essential to the proceeding that continuation without the witness would either be impossible or would likely result in a miscarriage of justice." S. Rep. No. 93-1021, at 37 (1984), *reprinted in* 1984 U.S.C.C.A.N. 7401; *see Miles*, 290 F.3d at 1350; *Hamilton*, 46 F.3d at 277; *McNeil*, 911 F.2d at 773; *Eagle Hawk*, 815 F.2d at 1218; *Marrero*, 705 F.2d at 656. "If, however, the witness's anticipated testimony will be merely cumulative, or substantially irrelevant, that witness should be deemed non-essential." *Eagle Hawk*, 815 F.2d at 1218; *Miles*, 290 F.3d at 1350 (quoting the same statement from *Eagle Hawk*, 815 F.2d at 1218); *Hamilton*, 46 F.3d at 277 ("[I]f the witness's testimony will be merely cumulative or substantially irrelevant, the witness should not be deemed essential." (citing *Eagle Hawk*, 815 F.2d at 1218)); *McNeil*, 911 F.2d at 774 ("While Simms's testimony may have added something to the Government's case in this regard, it clearly was cumulative, not essential."); *see also Marrero*, 705 F.2d at 656 ("The legislative history reveals that by ['essential

witness'] Congress meant to refer to witnesses whose testimony would be extremely important to the proceeding, perhaps providing proof that was not otherwise attainable.").

Diaz-Soto's statement to the police implicating Ortiz would have been admissible in the grand jury without his testimony, *see* Fed. R. Evid. 1101(d)(2) (the rule against hearsay does not apply in grand-jury proceedings), and therefore, because his testimony would have been merely cumulative for the purpose of obtaining a grand jury indictment, we have no trouble concluding that Diaz-Soto was not an essential witness to that proceeding. The government and the district court erroneously conflate the question of whether a witness is essential for the purposes of obtaining a *conviction at trial*, with the distinct question of whether a witness is essential for the purpose of obtaining a *grand jury indictment*. *See Ortiz*, 2010 WL 2557679, at \*3 ("[T]he fact that Diaz-Soto was a fugitive and might not be available to testify *at trial* greatly limited the Government's ability to present the case *to a grand jury*." (emphases added)). "[A]n 'essential witness' . . . means a witness so essential *to the proceeding . . . .*" S. Rep. No. 93-1021, at 37 (emphasis added). The distinction between a grand jury proceeding and trial matters because an essential witness for one is not necessarily an essential witness for the other. The indictment timeline and the trial timeline serve different purposes. *See DeJohn*, 368 F.3d at 538 ("The purpose of the [indictment timeline] . . . is to insure that individuals will not languish in jail or on bond without being formally indicted on particular charges."). Moreover, the evidentiary rules that apply in each proceeding are distinct, and, in turn, affect whether a witness is essential to the particular proceeding. Here, Diaz-Soto's testimony implicating Ortiz may have been essential to the Government's case against Ortiz *at trial*, where Diaz-Soto's out-of-court confession would have likely been excluded as hearsay, *see* Fed. R. Evid. 802, and barred by the Confrontation Clause, *see Crawford v. Washington*,

541 U.S. 36 (2004). But the issue here is whether Diaz-Soto was an essential witness to obtain an indictment from the grand jury. As the government concedes, Diaz-Soto's hearsay confession could readily have been conveyed to the grand jury without his testimony because in grand jury proceedings—where there is no confrontation right—hearsay evidence is admissible, *see* Fed. R. Evid. 1101(d)(2), and may alone support an indictment, *see Costello v. United States*, 350 U.S. 359 (1956). Thus, Diaz-Soto's testimony would have been merely cumulative in the grand jury, and therefore, he was not an essential witness to that proceeding. *See, e.g.*, *McNeil*, 911 F.2d at 774 ("While Simms's testimony may have added something to the Government's case in this regard, it clearly was cumulative, not essential.").

The essential witness exclusion is the only reason cited by the government for excusing its failure to file the indictment against Ortiz within the 30-day period as required by the Speedy Trial Act. Since that exclusion does not apply here, the government failed to comply with the statutory deadline for filing the indictment. The Speedy Trial Act provides that "[i]f, in the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment or information is filed within the time limit required by section 3161(b) as extended by section 3161(h) of this chapter, such charge against that individual contained in such complaint shall be dismissed or otherwise dropped." 18 U.S.C. § 3162(a)(1). The Act further provides that "[i]n determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." *Id.* "'[T]he statute leaves to the court's discretion,'" based on consideration of these factors, "'whether to dismiss the [case] with or without prejudice,'" and "'[o]ur usual practice is to remand for the district court

to consider the factors.'" *Burrell*, 634 F.3d at 293 (quoting *United States v. Stephens*, 489 F.3d 647, 657-58 (5th Cir. 2007)).

Accordingly, we REVERSE Ortiz's conviction, VACATE his sentence, and REMAND the case for the district court to determine whether to dismiss the case with or without prejudice, giving proper consideration to the factors set forth in 18 U.S.C. § 3162(a)(1).