**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 22, 2012

No. 11-41285
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KEMAR RAMON JAMES,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:10-CR-1296-1

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Kemar Ramon James was convicted by a jury of one count of assault on a federal officer, for which he was sentenced within the applicable guidelines range to serve 28 months in prison and a three-year term of supervised release. On appeal, James contends that the district court erred when it denied his motion to dismiss his indictment, based on a claimed violation of his right to a speedy trial. James insists that his rights under the Speedy Trial Act were violated because he was not timely indicted after he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

committed the act that led to the instant prosecution while he was in the Special Management Unit (SMU) of the detention center where he was being held in connection with immigration proceedings. This argument is unavailing, however, as James has not shown that the primary or exclusive reason he was placed in the SMU was to secure him for criminal proceedings. *See United States v. De La Pena-Juarez*, 214 F.3d 594, 598 (5th Cir. 2000). His contention that his rights were infringed because he was not indicted within a specific time after being read his rights pursuant to *Miranda v. Arizona*, 384 U.S. 411-86 (1966), misses the mark because that date is not pertinent. *See id.* at 597 n.6. His claim that the district court erred by not performing the balancing test of 18 U.S.C. § 3162(a)(1) lacks merit because his indictment was not dismissed. *See United States v. Ortiz*, 687 F.3d 660, 665 (5th Cir. 2012).

In his challenge to the sufficiency of the evidence, James urges that the evidence does not suffice to uphold his conviction because it fails to show that he acted intentionally. As James did not move for a judgment of acquittal at the close of all the evidence, we review his sufficiency claim for "a manifest miscarriage of justice," which is present only when the record is "devoid of evidence pointing to guilt." *United States v. Miller*, 576 F.3d 528, 529-30 (5th Cir. 2009) (internal quotation marks omitted). As the evidence shows that James assaulted a federal officer who was engaged in his official duties, the jury was free to disregard James's assertion that he did not intend to hit the guard. *See United States v. Johnson*, 381 F.3d 506, 508 (5th Cir. 2004); *United States v. Moore*, 997 F.2d 30, 35 n.8 (5th Cir. 1993). James has not shown that his conviction constitutes a manifest miscarriage of justice. *See Miller*, 576 F.3d at 529-30.

James also asserts that the district court erred when it declined his request to have the jury instructed on the definition of intent. James has not shown that the district court abused its substantial discretion by charging the jury in accordance with this circuit's pattern jury instructions. *See United States*

No. 11-41285

*v. Rios*, 636 F.3d 168, 171 (5th Cir.), *cert. denied*, 132 S. Ct. 267 (2011); *United States v. Whitfield*, 590 F.3d 325, 354 (5th Cir. 2009).

James complains further that the government infringed his rights to due process and compulsory process of witnesses by releasing and deporting other detainees who witnessed the incident. As James has not shown that the putative witnesses in question were necessary to his case, he is not entitled to relief on this claim. *See United States v. Gonzales*, 79 F.3d 413, 424 (5th Cir. 1996). Finally, we decline to review the district court's denial of James's request for a downward departure because nothing in the record indicates that the district court misapprehended its authority to depart. *See United States v. Lucas*, 516 F.3d 316, 350 (5th Cir. 2008).

AFFIRMED.