NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4460
_____

UNITED STATES OF AMERICA

v.

ANGIE MORGAN,
                    Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(No. 2-06-cr-00245-001)
District Judge:  Honorable David S. Cercone
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 18, 2013

Before:  FUENTES, CHAGARES, and BARRY, *Circuit Judges*.

(Filed: April 10, 2013)
_____

OPINION OF THE COURT
_____


FUENTES, *Circuit Judge*:

        In this appeal we are asked to consider whether the District Court erred in denying

Appellant Angie Morgan's motions to withdraw her guilty plea and to dismiss the

indictment based on a violation of the Speedy Trial Act. For the reasons that follow, we will affirm.

## I.

Because we write primarily for the parties, we set forth only the facts and procedural history relevant to our conclusion.

In April 2003, the Allegheny County Police Department began suspecting Morgan of leading an organization that trafficked heroin into the Pittsburgh area from New York and New Jersey. In July 2006, after her co-conspirators were arrested, Morgan was indicted for conspiracy to distribute and possession with intent to distribute at least one kilogram of heroin. Over the six years of the conspiracy, Morgan brought 100 kg of heroin into Pittsburgh and laundered the drug-trafficking proceeds through her business. While an arrest warrant was issued, Morgan had fled to the Dominican Republic upon learning of the impending arrest where she continued her involvement in the conspiracy through 2008. Finally, on February 7, 2008, Dominican authorities arrested Morgan, and she was transported to Pittsburgh through Puerto Rico, Miami, and Oklahoma City. After being transported to Pennsylvania, Morgan appeared in the Western District of Pennsylvania where she was arraigned. After Linda Cohn was appointed to represent her, Morgan pleaded not guilty. As the case progressed, Morgan repeatedly told Cohn that she was in the process of hiring an attorney Richie Roberts, and consequently Cohn sought and obtained five extensions of time for filing pretrial motions between March and August 2008. In July 2008, Cohn moved to withdraw based on Morgan's hiring of

2

Roberts, which the Court granted on August 29 after Roberts stated that he would enter his appearance. On November 26, 2008, Richards also sought and obtained an extension.

While represented by Cohn and Richards, Morgan filed several *pro se* motions, including one arguing that the 117 days of extensions should count against the Government for speedy-trial purposes because she had not consented to the extensions sought by Cohn. The District Court denied Morgan's motion, finding her challenge "disingenuous" because the extensions were designed to protect Morgan's interest based on her insistence that she was retaining private counsel who had failed to enter an appearance. (App. 28.) The District Court, however, held a hearing to address another challenge by Morgan that the 29-day delay in transporting her to Pennsylvania should count against the Government. It ultimately held that the Government rebutted the presumption that transport time in excess of 10 days was unreasonable based on its evidence of limited resources to transport prisoners from outside of the United States.

After the District Court learned of a conflict of interest involving Roberts, Roberts sought and obtained another extension, and the District Court ultimately disqualified Roberts in February 2009. In his stead, the District Court appointed attorney Martha Bailor, who was subsequently replaced in April 2009 upon Morgan's request by William Kaczynski. During that time period, Morgan filed a *pro se* interlocutory appeal, which we dismissed in November 2009 for a jurisdictional defect. After the District Court set a trial date for June 2010, Kaczynski sought a continuance based on his schedule, postponing the trial until October 4, 2010. On the date of trial, Morgan pleaded guilty conditioned on the right to appeal on the issues of speedy trial and effectiveness of counsel. Based on

3

Morgan's claims of ineffective assistance, Kaczynski moved to withdraw, which the District Court granted and appointed Stephen Stallings.

In January 2011, Morgan moved to withdraw her guilty plea, challenging it as involuntary. In a May 2011 hearing, Morgan testified to actual innocence and her belief that she could raise any issue on appeal. The District Court denied her withdrawal motion, finding her claims of innocence unsupported and her purported explanations not credible. After Morgan demanded Stallings take certain actions, Stallings sought to withdraw as counsel, and in August 2011, William Schmalzried was appointed. In December 2011, Morgan was sentenced to 250 months' imprisonment. Morgan again demanded actions from Schmalzried that were against his judgment, and Schmalzried withdrew. Morgan filed a timely *pro se* notice of appeal, and we appointed current counsel to represent Morgan.

## II.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

### A.

We review the Court's denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Brown*, 250 F.3d 811, 815 (3d Cir. 2001). "Once a court accepts a defendant's guilty plea, the defendant is not entitled to withdraw that plea simply at his whim." *United States v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003). Because "withdrawal of a guilty plea is not an absolute right," *United States v. Wilson*, 429 F.3d 455, 458 (3d Cir. 2005), the "defendant must have a fair and just reason for withdrawing

4

a plea of guilty," *Jones*, 336 F.3d at 252 (internal quotation marks omitted). District courts must consider three factors in evaluating a motion to withdraw a guilty plea: "(1) whether the defendant asserts his innocence; (2) the strength of the defendant's reasons for withdrawing the plea; and (3) whether the government would be prejudiced by the withdrawal." *Id*. The defendant bears a "substantial" burden of demonstrating a fair and just reason to withdraw a guilty plea, *id.*, and "[a] shift in defense tactics, a change of mind, or the fear of punishment are not adequate reasons to impose on the government the expense, difficulty, and risk of trying a defendant who has already acknowledged his guilt by pleading guilty," *Brown*, 250 F.3d at 815.

Analyzing the three factors that courts must consider in evaluating a motion to withdraw a guilty plea, we hold that there was no abuse of discretion in the District Court's denial of Morgan's withdrawal motion. Evaluating the first factor, there was no clear error in the District Court's finding that Morgan's assertions of innocence were not credible. Morgan's sole objection to the Government's summary of the evidence against her was based on her lack of receipt of money orders in the Dominican Republic, and she failed to object to the vast evidence of her involvement in a large scale drug conspiracy. (App. 8.) We also find that Morgan failed satisfy her burden on the second factor, requiring her to justify her reasons for withdrawing her guilty plea. Morgan's testimony that she was "tired of fighting" (App. 8) is not sufficient. *Brown*, 250 F.3d at 815. On appeal, Morgan argues that she did not understand her limited rights on appeal but there was ample support for the District Court's finding that Morgan understood the conditional nature of her plea, including the statements in the plea colloquy by her

5

counsel Kaczynski that the plea was "conditional," reserving Morgan's rights to appeal "speedy trial and effectiveness of counsel" (App. 81), and by the Government that if Morgan "wishes to reserve certain rights, she must do so at this time. I know that she has certain speedy trial issues that she wanted to continue with the option of raising on appeal. That's what makes this a conditional plea here." (App. 82-83.) While the District Court did not evaluate the third factor—prejudice to the Government—it need not do so "when a defendant has failed to demonstrate that the other factors support a withdrawal of the plea." *Jones*, 336 F.3d at 255. Because "a change of mind" is not a valid basis to support a plea withdrawal motion, *Brown*, 250 F.3d at 815, we find that there was no abuse of discretion in the District Court's denial of Morgan's motion to withdraw her guilty plea.

### B.

We exercise plenary review over the District Court's interpretation of the Speedy Trial Act regarding excludable time but review the Court's findings of fact in applying the Speedy Trial Act for clear error. *United States v. Hamilton*, 46 F.3d 271, 273 (3d Cir. 1995).[1] The Speedy Trial Act requires that a defendant be brought to trial within 70 days from the later of the filing date of information or indictment or the date of the defendant's appearance. 18 U.S.C. § 3161(c)(1). "[W]hen there is no pre-indictment appearance

---

[1] To the extent that Morgan also raises a constitutional speedy trial challenge, her claim fails. Because Morgan failed to preserve her objection before the District Court, we review for plain error. *United States v. Cotton*, 535 U.S. 625, 631 (2002).

because an information or indictment is the first step in a criminal case, then *postindictment arraignment* will be the relevant 'last occurring' date." *United States v. Willaman*, 437 F.3d 354, 357 (3d Cir. 2006) (internal quotation marks and citation omitted and emphasis in original).

Morgan argues on appeal that the date her 70 days started to run was March 12, 2008, her initial appearance in the Western District of Pennsylvania. However, in this case, Morgan's speedy-trial clock started on March 17, 2008, the date of Morgan's post-indictment arraignment.[2] *Id.* (starting speedy-trial clock on date of arraignment when defendant pleaded not guilty, which occurred five days after initial appearance before a magistrate judge when bail was set). The District Court properly held that each of the continuances were excluded from Morgan's speedy-trial clock because they had been requested by Morgan's attorneys and were in Morgan's interest. 18 U.S.C. § 3161(h)(7)(A) (excluding from speedy-trial time "delay resulting from a continuance granted by any judge . . . at the request of the defendant *or his counsel* . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial") (emphasis added). Each of the District Court's orders granting a requested extension stated that the time be "deemed excludable delay under the Speedy Trial Act [having found] that the ends of justice served by granting this continuance outweigh the

---

[2] The District Court considered whether the time to transport Morgan to the Western District of Pennsylvania was excludable and held that the Government rebutted the presumption that time in excess of ten days is unreasonable. Because any transportation delay occurred prior to the date of Morgan's arraignment, we need not review the District Court's holding.

best interests of the public and the defendant to a speedy trial." (Supp. App. 9, 12, 15, 18, 28.) Additionally, the time between Morgan's *pro se* motions and the District Court's rulings was also properly excluded. 18 U.S.C. § 3161(h)(1)(D) (excluding from speedy-trial time "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion"). Because only 26 days counting toward Morgan's speedy-trial clock elapsed between her arraignment and guilty plea, there was no violation of the Speedy Trial Act.

## III.

For the foregoing reasons, we will affirm the District Court's judgment and sentence.