NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 13-4375
_____

UNITED STATES OF AMERICA

v.

JAMES F. SODANO, SR.,
Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 3-12-cr-00784-001)
District Judge: Honorable Peter G. Sheridan

Submitted Under Third Circuit LAR 34.1(a)
October 21, 2014

BEFORE:  AMBRO, FUENTES, and NYGAARD, *Circuit Judges*

(Filed: November 12, 2014)
_____

OPINION*
_____

NYGAARD, *Circuit Judge.*

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

In this appeal, James F. Sodano, Sr., challenges his conviction and sentence before the District Court. For the reasons that follow, we will affirm the District Court's judgment of conviction and sentence.

## I.

Because the facts are well known to the parties, we will discuss them only briefly. Sodano planned and carried out a robbery of an armed money carrier in Newark, New Jersey. Still wearing gloves and a bullet-proof vest, he passed out a few blocks from the robbery where he was discovered by police with a gunshot wound in his leg, numerous firearms about his person and, quite tellingly, a blood-stained bag of money. A jury convicted Sodano of robbery, conspiracy to commit robbery, and discharging a firearm during a crime of violence. At sentencing, the District Court upwardly departed, based on the particularly heinous nature of the crime, and sentenced Sodano to 486 months' imprisonment.

## II.

### A. Speedy Trial Claim

We will begin with Sodano's challenge to his conviction. Twenty months elapsed between Sodano's arrest and the start of his trial. He argues that this delay amounted to a violation of his constitutional rights to a speedy trial. We disagree.[1]

---

[1] "We exercise plenary review over the district court's construction and interpretation of the Speedy Trial Act and its provisions regarding excludable time." *United States v. Hamilton*, 46 F.3d 271, 273 (3d Cir. 1995) (citation omitted). The findings of fact to which the District Court applied the speedy trial act analysis are reviewed for clear error. *Id*.

In assessing whether there has been a violation of Sodano's Sixth Amendment right to a speedy trial, we consider the four factors set out in *Barker v. Wingo*, 407 U.S. 514, 530 (1972), together with other relevant circumstances in weighing the prosecution's conduct against that of the defense. The four *Barker* factors are: (1) the length of the delay; (2) the reason for the delay; (3) the extent to which the defendant asserted his speedy trial right; and (4) the prejudice suffered by the defendant. *Id.* No one factor is controlling, and any violation depends on the peculiar circumstances of the case. *Id.* at 530-31. If a defendant's right to a speedy trial has been violated, the indictment must be dismissed. *Id.* at 536.

We start with the length of the delay. For Sixth Amendment purposes, the speedy trial clock begins to run from either the date of arrest or indictment, whichever is earlier, and ends with the commencement of trial. Sodano was arrested in June of 2011, and arraigned on July 13, 2011. His trial on the charges against him did not commence until March 15, 2014. This was a delay of twenty months. Although this is not—as Sodano contends—presumptively prejudicial, "[w]e have previously held that a delay of even fourteen months is sufficient to trigger review of the remaining *Barker* factors." *United States v. Velazquez,* 749 F.3d, 161, 174 (3d Cir. 2014) (citation omitted). The period of time between Sodano's arraignment and trial sufficiently exceeds this fourteen-month threshold. Therefore, this factor will weigh in Sodano's favor.

The reason for the delay—the next *Barker* factor—weighs against Sodano as he, himself, was the sole reason for the delay he now challenges as unconstitutional. From the date of his arrest until the beginning of his trial, the District Court granted no less than

3

four continuances for purposes of plea negotiating. These continuances amounted to six and a half months and were "joint applications" with the Government. We also note that he changed legal counsel a total of four times before trial. Such changes typically have delays built into them. His third lawyer, for example, requested and received four continuances (amounting to a further six-month delay). When he requested a fourth lawyer, the District Court warned Sodano that his trial would be delayed yet again. Sodano realized this, but wanted new counsel anyway.

The third factor in the *Barker* analysis is the degree to which the defendant asserts his speedy trial right, encompassing the frequency and force of such assertions. Although Sodano did raise the issue two months before trial, we do not see any great frequency or fortitude in his assertions. While Sodano argues that he also raised this issue in three *pro se* submissions to the District Court, we have held that informal correspondence by a represented defendant to a court is only a weak assertion of the speedy-trial right, particularly when his attorney has asked for a continuance to prepare for trial. *See United States v. Bettis*, 589 F.3d 673, 681 (3d Cir. 2008). And, any such assertions are further diluted by Sodano's approval of and acquiescence to even more delays.

Lastly, Sodano argues that he has suffered prejudice because of the lengthy pretrial delay. He says that the oppressive conditions of his pretrial confinement, taken together with his age and medical conditions (including the recuperation from the aforementioned gunshot wound), amounted to some type of prejudice to his defense. Yet, Sodano offers no specifics. He has not, for example, argued that the delay jeopardized the testimony of any defense witness, nor can he argue that his pretrial

4

detention was oppressive, or responsible for undue anxiety or concern. He argues that the delay here exacted a physical and psychological toll. That may be true. However, anxiety and other forms of personal prejudice to the accused are inevitable consequences in a criminal case. These conditions did not prevent Sodano from changing lawyers time and again, all the while recognizing that such actions bring about further delay in the proceeding. And, even were we to find some prejudice here, Sodano's claim is further frustrated by the fact that the District Court awarded him credit against his ultimate sentence for the twenty months he was incarcerated prior to trial.

In sum, Sodano has not been deprived of his Sixth Amendment right to a speedy trial. Responsibility for the delay in bringing his case to trial rests solely with Sodano's actions and has not caused him any prejudice.

### B. Admission of Inconsistent Prior Statement

Next, Sodano argues that the District Court mistakenly excluded the statement of a witness. He argues that this witness's statement satisfied the requirements for admission as a prior inconsistent statement under Fed.R.Evid. 801(d)(1)(A). We do not agree. Evidentiary rulings, such as those challenged by Sodano here, are reviewed for abuse of discretion. *United States v. Green*, 617 F.3d 233, 251-52 (3d Cir. 2010).

Federal Rule of Evidence 801(d)(1)(A) provides that a statement is not hearsay if "[t]he declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is . . . inconsistent with the declarant's testimony, and was given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding, or in a deposition... ." The statement Sodano sought to admit against

5

a witness was made on June 9, 2011 to detectives while the witness was recovering from gun shots in the hospital. Accordingly, it cannot be admitted as a prior inconsistent statement pursuant to Rule 801(d)(1)(A) because it was made neither under oath nor at a formal proceeding. The District Court allowed Sodano to use the statement to impeach the witness and Sodano referenced it in his closing remarks. We see no abuse of discretion on the part of the District Court.

## C. The Upward Departure

Sodano also challenges his sentence. He claims the District Court failed to justify its upward departure, and failed to adequately discuss Sodano's proffered mitigation. Sodano also argues that his sentence was unreasonable. These arguments lack merit.

The District Court did not abuse its discretion when departing upward from the Sentencing Guideline range pursuant to § 5K2. The District Court identified the "execution type of shooting," the numerous gun shots Sodano fired, his "malicious" intent to "maim and injure" one of the victims, the victim's inability to defend himself and the lasting effect Sodano's violence had on this victim. The record contains ample evidence detailing the nature and effects of this victim's injuries, while also bringing to light Sodano's meticulous planning, his arsenal, and the near point-blank range from which Sodano shot his victim and the victim's pain and mental anguish. The upward departure was in no way an abuse of discretion.

Further, the District Court committed no procedural errors in calculating Sodano's guideline range. It properly discussed Sodano's mitigation evidence and correctly rejected it. The District Court thoroughly discussed and explained its reasoning for

6

Sodano's sentence and for its upward departure. Therefore, finding no errors, we will affirm Sodano's sentence.